■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHESTER SPRY, Appellant.— Appellant was indicted for rape in the first degree, sodomy in the first degree, and assault in the second degree. After trial in the County Court, Westchester County, the jury found him not guilty of rape in the first degree, and guilty of attempted rape (no degree being specified), sodomy in the first degree, and assault in the second degree. He was sentenced, on the sodomy charge alone, to imprisonment for a period of not less than 10 nor more than 20 years. No sentence was imposed for the other charges. The appeal is from the "judgment of conviction". Appeal, insofar as it may be from the convictions for attempted rape and assault in the second degree, dismissed. No sentence having been imposed therefor, we have no jurisdiction to review those convictions (*People* v. *Cioffi*, 1 N Y 2d 70; *People* v. *Craig*, 267 App. Div. 907). Judgment, insofar as it convicts appellant of sodomy in the first degree, reversed on the law and a new trial ordered. The findings of fact are affirmed. Although the learned County Judge properly charged the jury that certain evidence adduced, if believed, was sufficient to justify a verdict against appellant, he also charged that no penetration was necessary to constitute the crime charged, and that certain other evidence, which did not necessarily involve sexual penetration, was sufficient, if credited, to sustain a verdict of guilty of sodomy. This error was not cured by a subsequent reading of section 691 of the Penal Law in connection with a ruling on an exception to this charge, which did not indicate that he intended to withdraw his previous instruction to the jury (cf. *Smulczeski* v. *City Center of Music & Drama*, 3 N Y 2d 498, 501; *Greenfield* v. *People*, 85 N. Y. 75, 90; *Chapman* v. *Erie Ry. Co.*, 55 N. Y. 579, 587). It also appears that appellant was not sentenced in conformity with the requirements of sections 690 and 2189-a of the Penal Law. In our opinion, the latter statute requires a psychiatric examination prior to sentence in every case in which a sentence of from one day to life may be imposed, regardless of whether such a sentence is in fact imposed. Nolan, P. J., Ughetta and Hallinan, JJ., concur; Beldock and Murphy, JJ., concur in the dismissal of the appeal insofar as it may be from the convictions for attempted rape and assault, but dissent from the reversal of the judgment of conviction of sodomy, and vote to affirm said judgment, with the following memorandum: In view of the testimony by complainant as to how the crime was committed, it is doubtful whether the charge with respect to penetration was erroneous. However, assuming it was erroneous, it was corrected by the definite, clear and unequivocal statement by the court that slight penetration was sufficient under section 691 of the Penal Law. In any event, the guilt of appellant is so clear that the error, if any, may not be said to warrant reversal.

■ SADIE ROJAK et al., Respondents, v. SANFORD ESTATES, INC., Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from an order vacating an order dismissing the complaint and restoring the action to the general calendar. Order affirmed, with $10 costs and disbursements. This affirmance is not to be deemed to supersede or to affect in any way our Statement of Readiness Rule or any action which may have been taken pursuant to such rule. Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Beldock and Murphy, JJ., dissent and vote to reverse the order and to deny the motion, with the following memorandum: The accident happened on April 2, 1948 and the action was commenced in the same month. Issue was joined July 6, 1948. In July, 1953 a

motion for a preference under rule 9 of the Kings County Supreme Court Trial Term Rules was denied. When the action was called for trial on April 4, 1955 respondents defaulted, and the action was dismissed. Thirteen months later, a motion to vacate the dismissal was granted despite the previous denial of a preference pursuant to rule 9. On October 23, 1956 the action was again dismissed upon respondents' default in appearing for trial. Upon stipulation the action was restored to the calendar in the same year. On February 5, 1957 respondents again defaulted in appearing for trial, and the action was again dismissed. The record indicates that the action was dismissed three times, each time on the default of the respondents. Furthermore, there is no medical proof that there is a causal relation between the effects of the accident and the coronary thrombosis alleged to have been suffered by the respondent Sadie Rojak. Parenthetically it should be noted that she has already received nearly $5,500 as workmen's compensation, which must be returned out of any judgment she may recover.