Domenick L. Gabrielli, J.
On Feburary 19, 1957, the petitioner was arraigned in the Oswego County Court on an indictment charging him with rape first degree and assault second degree. Upon his request to have counsel assigned, the matter was adjourned to March 4, 1957 at which time the petitioner, through counsel, requested that the defendant be given a psychiatric examination prior to answering the indictment. The District Attorney consented to the application and the court granted the application and the stenographic minutes of the proceedings show that the court stated: ‘ ‘ and it is Ordered that Bichard Earl Pealo be committed to the Psychiatric Hospital at Syracuse, New York for a period of sixty days to investigate as to his mental capacity to understand the nature of the crime of which he stands charged and his ability to make his defense.”
On May 2, 1957, the second count of the indictment charging assault second degree was dismissed and the defendant-petitioner pleaded guilty to rape first degree and the matter was then adjourned to May 14,1957 at which time the court imposed an indeterminate sentence, “ the minimum term to be for one day and the maximum shall be the duration of his natural life.”
It is conceded that there was no psychiatric examination after the plea of guilty. The court, at the time of sentencing referred to the fact that the petitioner had been ‘ ‘ committed to the Syracuse Psychiatric Hospital for a period of sixty days to ascertain if he has the mental capacity to understand the nature of this crime and to make his defense ” (italics mine).
Section 2189-a of the Penal Law provides as follows: “No person convicted of a crime punishable in the discretion of the court with imprisonment for an indeterminate term, having a miuimmn of one day and a maximum of his natural life, shall be sentenced until a psychiatric examination shall have been made of him and a complete written report thereof shall have been submitted to the court. Such examination shall be made in the manner prescribed by sections six hundred fifty-nine, six hundred sixty, six hundred sixty-one and six hundred sixty-two-e of the code of criminal procedure. Such report shall include all facts and findings necessary to assist the court in imposing sentence. A copy thereof shall be transmitted by the clerk of the court to the warden or superintendent of the correctional institution to which the prisoner is committed.”
There are different reasons for the two types of psychiatric examinations. In the type prior to a plea, the sole and distinct *1007 reason is to conduct tests and studies to determine whether the defendant understands the nature of the charge and of making his defense. The examination mandated by section 2189^a of the Penal Law is perhaps of a more comprehensive type and, among other purposes, is to make recommendations for the benefit or treatment of the defendant; the protection of the public; a statement of the prognosis; and to make recommendations for the custodial future of the defendant for the safety and protection of the public.
The court in People ex rel. Lawson v. Denno (196 N. Y. S. 2d 314, 315, affd. 9 N Y 2d 181) “ reached the conclusion that the provisions of Penal Law, § 2189-a requiring the holding of psychiatric examination for the assistance of the Court in imposing sentence, contemplate the holding of an examination following the conviction. This conclusion seems to follow considering the purpose of the Section and from a reading thereof as a whole
Of added significance is the report and letter of transmittal dated April 17, 1957, relating to the completion of the examination prior to plea; and which letter from the State Hospital stated: 1 £ The hospital staff concur with the findings of the examiners, that said Bichard Earl Pealo is not in such a state of idiocy, imbecility, or insanity as to be incapable of understanding the charge against him or the proceedings or of making his defense ’ ’; and the report of the psychiatrists furnished with the letter stated: 1 ‘ it is our opinion that the defendant Bichard Earl Pealo is not in such a state of idiocy, imbecility or insanity as to be incapable of understanding the charge against him or the proceedings or of making his defense ”.
It is of interest to note that the signed report of the psychiatrists is on the form furnished for and to be used under “ Section 662 and Section 870 et. seq. of the Code of Criminal Procedure ”. These sections apply only to examinations prior to judgment.
The mandate and requirements of section 2189-a of the Penal Law were not met. The sentence is, therefore, vacated and the relator is to be returned for resentencing.