■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HAROLD LEVINE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 23, 1972, convicting him of attempted possession of weapons and dangerous instruments and appliances, as a felony, upon a guilty plea, and sentencing him to an indeterminate term not to exceed four years. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to a five-year term of probation. As so modified, judgment affirmed. The case is remanded to Criminal Term for the fixing of the terms of probation. In our opinion, under the circumstances of this case, the sentence imposed was inappropriate. Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. KENNETH NICKLAS, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 18, 1971 on resentence, upon a 1964 conviction of attempted burglary in the third degree, on his plea of guilty, resentencing him to a maximum reformatory term of five years, *nunc pro tunc* as of November 12, 1964. Pursuant to an order of this court, dated December 6, 1971 (*People* v. *Nicklas,* 38 A D 2d 566), the action was remanded to the County Court for a hearing. Such hearing has been had and a memorandum decision, dated February 18, 1972, has been filed relative thereto. Judgment affirmed. No opinion. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL SABELLA, Respondent.— Appeal by the People from a trial order of dismissal of the Supreme Court, Kings County, made May 11, 1972 after a nonjury trial. During the pendency of this appeal, respondent made a motion to dismiss the appeal on the ground the order was not appealable since it "was in effect a verdict of acquittal." On June 21, 1972 this court made an order denying the motion, with leave to renew upon the argument of the appeal. The motion was renewed on the argument of the appeal. Appeal dismissed. No appeal lies by the People from a judgment in favor of defendant on the merits of a criminal case. Hopkins, Acting P. J., Latham and Benjamin, JJ., concur; Munder, J., concurs in the result, with the following memorandum: I vote to dismiss the appeal on the ground that a trial order of dismissal based on a consideration of the evidence adduced in a nonjury trial is not appealable. The reasons for my vote are set forth in my memorandum in *People* v. *Fellman* (42 A D 2d 764). Martuscello, J., concurs in the result, with the following memorandum: I concur in the dismissal of the appeal for the reason that no order of dismissal appears in the record and because no appeal lies from a decision.

■ SEPRIEO CONSTRUCTION CO., INC., Respondent, v. CHEVRON OIL COMPANY, INC., Appellant.— In an action to recover a balance allegedly owing for material furnished, defendant appeals from an order of the Supreme Court, Westchester County, dated July 11, 1972, which granted plaintiff's motion for summary judgment. Order reversed, with $20 costs and disbursements, and motion denied. A question of fact is presented in the papers on appeal and therefore the case must be tried. Martuscello, Acting P. J., Latham, Gulotta, Brennan and Benjamin, JJ., concur.