THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NASAR ALI, Appellant.

First Department, April 18, 1974.

*Richard A. Greenberg* of counsel (*William E. Hellerstein* and *William J. Gallagher,* attorneys), for appellant.

*T. James Bryan* of counsel (*Michael R. Juviler* with him on the brief; *Richard H. Kuh, District Attorney*), for respondent.

LANE, J. Defendant, Nasar Ali, owned a grocery store in upper Manhattan. On September 19, 1971, the defendant's estranged wife, Frances, was driven to the store by a friend of the family. Mrs. Ali entered the store to retrieve a television set. The Alis had words and Mrs. Ali left the store and put the television set in the back of the station wagon. While she

was re-entering the station wagon, she heard shots and lifted her head to see what was happening. Her curiosity was rewarded with a bullet wound in the head. The defendant was arrested immediately thereafter and the indictment resulting from this incident charged the defendant, *inter alia*, with the crimes of attempt to commit the crime of murder, attempt to commit the crime of assault in the first degree, and possession of a weapon as a felony.

At the trial, the eyewitness testimony was in unanimity that the defendant fired the gun and that he did so while outside his store. The jury verdict clearly indicated that the testimony of the eyewitnesses was believed. While the defendant was found guilty only of possession of a weapon and acquitted of the other charges, it must be pointed out that at the time the verdict was accepted by the court, the jury was still undecided on one count charging the defendant with the crime of attempt to commit the crime of assault in the first degree.

The court, after accepting the verdict on the other counts about which the jury was unanimous, then inquired whether additional deliberation would resolve the doubts which the jury still had about the count remaining. When the jury answered in the negative and the Assistant District Attorney stipulated that the defendant would not be reprosecuted on the assault charge, the verdict was accepted and the case was concluded.

Clearly, therefore, the debate of the jury was over the degree of injury inflicted and not any dispute over the facts of the occurrence itself.

Under the facts as revealed by the trial testimony, therefore, it was totally unnecessary for the trial court to charge the jury with regard to the exception in the statute which states possession of a weapon in a home or business is not a felony but a misdemeanor (Penal Law, § 265.05, subd. 2).

A trial court, even after a request by counsel, is not required to instruct the jury on the elements of a crime which has not been proven under any view of the facts. This is true whether the request involves a lesser-included crime (cf. CPL 300.50) or whether it involves a statutory exception such as in the case at bar (*United States ex rel. Presenzano* v. *Deegan,* 294 F. Supp. 1347; cf. *People* v. *Anthony,* 21 A D 2d 666).

Accordingly, the conviction of the defendant of the crime of possession of a weapon as a felony should be affirmed.

CAPOZZOLI, J. (concurring). On the question of where it was that the defendant possessed the gun, it is important to note that

the possession charged against him in the indictment is "outside his home or place of business".

Therefore, since the defendant has been found guilty by the jury on that count, it must follow that the jury was convinced that the defendant was not in his place of business when the gun was fired. The evidence clearly demonstrates that the defendant took the gun from his store, went out on the sidewalk and fired it. Hence, there was no duty on the trial court to charge on the misdemeanor, as is contended by the defendant.

MURPHY, J. (dissenting). Defendant was charged, in a multi-count indictment, with attempted murder, attempted assault (2 counts), reckless endangerment (6 counts) and possession of a weapon as a felony. These charges stemmed from an incident in which defendant, while allegedly standing in front of his grocery store, fired five shots at his estranged wife as she was entering an occupied vehicle. There were several witnesses to this act, including two police officers who shortly thereafter arrested defendant and recovered the pistol which they found on the floor of the store. Defendant's wife received a superficial wound which required seven stitches to close. Appellant, who apparently had no prior conflict with the law, testified in his own behalf. He recalled seeing a loaded gun in the store, several months prior to the incident herein, and arguing with his wife on the critical day over a television set she was removing from the back room. However, he asserted a complete inability to recall any other significant event prior to his arrest.

Though requested to do so by defense counsel, the trial court refused to permit the jury to consider defendant's possible guilt of possession of a weapon as a misdemeanor. The jury convicted defendant only of the crime of possession of a weapon as a felony and acquitted him of all other counts (except one, on which they disagreed). Accordingly, it is apparent, in light of the verdict rendered and despite the majority's observation to the contrary, that the jury did not believe all of the eyewitness testimony. While the evidence adduced on this count, if credited, was sufficient to sustain the conviction, I cannot vote to affirm it because the jury was not advised of all of the essential elements of this crime. The indictment charged defendant with possession of a loaded pistol outside of his "home or place of business". The trial court, however, charged the jury, in pertinent part, as follows:

"The crime of possessing a weapon as a felony is clearly defined in our Penal Law.

" Section 265.05 reads as follows:

" ' Any person who has in his possession any firearm which is loaded with ammunition or has in his possession any firearm and at the same time has in his possession a quantity of ammunition which may be used to discharge such firearm is guilty of a felony.' * * *

" To constitute a firearm, however, the pistol or revolver must be capable of being fired, and if it is not so capable it is not a firearm under the meaning of this Section.

" To return a verdict of guilty you must find beyond a reasonable doubt that the weapon involved was a firearm as this term has been explained to you, and that the defendant was in possession of such firearm. * * *

" If after examining all the evidence you are convinced beyond a reasonable doubt that the defendant had in his possession a firearm, that is, a loaded revolver or pistol loaded with ammunition * * * and if all of the elements of the crime of possession of a loaded pistol have been established to your satisfaction beyond a reasonable doubt, it is your duty to find defendant guilty * * *.

" On the other hand, if you have a reasonable doubt as to any element of this crime *as I have explained it to you,* it is equally your duty to find defendant not guilty of the crime of possessing a weapon or a firearm." (Emphasis supplied.)

Under the circumstances of this case, the failure to charge the jury that possession of the gun inside the store was not felonious was reversible error. (Penal Law, § 265.05, subd. 2.) The statute provides that "Such possession shall not * * * constitute a felony if such possession takes place in such person's home or place of business." To convict of a felony a jury must find as a fact that the possession did not take place in the defendant's home or place of business; and to take this element from the jury is a usurpation of the fact-finding process in that the court is making factual findings. The District Attorney's reliance on *People* v. *Stedeker* (175 N. Y. 57) is, in my view, misplaced. The case before us does not involve the adequacy of an indictment or an exception unrelated to the enacting clause. The " proviso " is contained in the very section delineating the offense and " essential allegations are generally determined by the statute defining the crime." (*People* v. *Kohut,* 30 N Y 2d 183, 187.) On the record before us, the jury could have concluded that defendant was only guilty of a misdemeanor. The court's charge deprived defendant of the right to have the jury even consider that

alternative. Accordingly, this conviction should be reversed and a new trial directed.

STEUER, J., concurs with LANE, J.; CAPOZZOLI, J., concurs in an opinion; KUPFERMAN, J. P., and MURPHY, J., dissent in an opinion by MURPHY, J.

Judgment, Supreme Court, New York County, rendered on June 1, 1972, affirmed.