Edward M. Horey, J.
A review of the minutes of the Grand Jury has been made by the court in connection with a motion of the defendant which sought both inspection of the Grand Jury minutes and a dismissal of the returned indictment. Such a conjunctive motion is not only proper, it is statutorily mandated. (CPL 210.30, subd 1.)
Review of the Grand Jury minutes disclosed that in presenting the case to the Grand Jury the District Attorney first instructed the Grand Jury on the elements constituting the crime of the sale of a controlled substance in the sixth degree.
The instruction given was as follows: "This is criminal sale of a controlled substance and I will read that it is a violation of Section 220, Subdivision 31 of the Penal Law of the State of New York. A person is guilty of criminal sale of a controlled substance in the sixth degree when he knowingly and unlawfully sells a controlled substance. The thing that might be confusing to you is what a controlled substance is. It is confusing to all of us, but the law is fairly specific. If we want to be a pharmacist, we would know what a controlled substance is. Marihuana is a controlled substance • and a drug called phencyclidine is a controlled substance, according to the laws of the State of New York.”
The minutes reflect no other, further or different instruction. To the extent given, the instructions appear proper. The provisions of section 220.31 of the Penal Law were properly stated and marihuana is á controlled substance as defined under the Penal Law and the referenced and included provisions of the Public Health Law. (Penal Law, § 220.00, subd 5; Public Health Law, § 3306, schedule I, subd [d].)
The indictment returned by the Grand Jury charges the defendant with two separate counts of criminal sale of a controlled substance in the fifth degree in violation of section 220.34 (subd 1, par [c]) of the Penal Law. In each count it is charged that the controlled substance is marihuana. That fact is significant. Since the next highest crime, to wit: criminal sale of a controlled substance in the fourth degree, excludes *231 from its provisions prior sales of marihuana, an indictment of the defendant for criminal sale of a controlled substance in the fifth degree under section 220.34 (subd 1, par [c]) of the Penal Law represents the highest degree chargeable of the marihuana sale crimes. (See observation of Arnold Hechtman, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, 1974-1975 Pocket Part, Penal Law, § 220.34.)
As they relate to the sale of marihuana, the provisions of section 220.31 of the Penal Law (criminal sale of controlled substance in the sixth degree) and those of section 220.34 of the Penal Law (criminal sale of a controlled substance in the fifth degree) are as baffling as they are identical. No minimum weights are assigned for the sale of marihuana in either statute. Neither is there any other element recited that would distinguish the sale of marihuana under the one statute from the sale of marihuana under the other. It appears that a sale of the most minute amount of marihuana under any and all circumstances would be a violation of either statute. The reason which prompted legislative enactment of two separate statutes, each censoring the same criminal misconduct is not apparent.
Because the statutes are identical it appears that proof sufficient to return an indictment for a violation of one statute would be proof sufficient to return an indictment for a violation of the other statute. In view of this peculiarly novel situation, it is arguable that it makes no difference that the Grand Jury, instructed on the elements constituting a violation of section 220.31 of the Penal Law, returned an indictment for a violation of section 220.34 of the Penal Law. With such argument this court does not agree.
CPL 190.25 (subd 6) provides in part that: "where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties on any matter before it, and such instruction must be recorded in the minutes”.
In commenting on the counterpart provisions under the former Code of Criminal Procedure it was stated in People ex rel. Childs v Krott (187 App Div 604, 621, affd 228 NY 608): "It is the duty of the district attorney to present evidence before the grand jury and to advise them with respect to what constituted indictable crimes”.
Clearly the District Attorney considered it necessary or appropriate to instruct the Grand Jury on the matter before *232 it. He did give instructions. Those instructions were limited to the elements constituting a violation of section 220.31 of the Penal Law. No instructions were given relative to the elements constituting a violation of section 220.34 (subd 1, par [c]) of the Penal Law.
To the defendant the difference between an indictment for a sale of a controlled substance in the sixth degree or in the fifth degree is material and substantial. The former charges the defendant with only a class D felony while the latter charges him with a class C felony. (Penal Law, §§ 220.31, 220.34.) The variant of permitted punishment between these two classes of felony violations is substantial. (See Penal Law, § 70.00.) For example, permitted imprisonment for a class C felony is 15 years; that permitted for a class D felony is 7 years. (Penal Law, § 70.00.)
This court concedes with appreciation the intelligence of today’s Grand Juries. Nevertheless, this court cannot bring itself to the conclusion that such Grand Juries have reached that degree of sophistication that it can be said that they are completely knowledgeable without instructions as to the elements constituting violations of the drug related statutes of this State as they now exist. Realistically the most experienced prosecutor requires the services of not only a chemist trained in qualitative analysis to determine the type and classification of the drug involved, but also those of a chemist trained in quantative analysis to determine the weight and amount thereof. The myriad of variances and refinements of these statutes have led to the preparation of detailed charts and graphs to be passed out at judicial conferences and District Attorney assemblies as necessary aids to their comprehension.
Having charged the Grand Jury on the elements constituting a prohibited sale of marihuana in the sixth degree, the court is of the opinion that a prerequisite to a return of an indictment for a prohibited sale of marihuana in the fifth degree was instruction by the District Attorney as to the elements constituting that crime. Absent such instruction it is a matter of speculation whether or not the Grand Jury even knew of the existence of such crime, much less the elements constituting it. Since instructions by the District Attorney to the Grand Jury are a necessary part of the minutes (CPL 190.25, subd 6; 190.30, subd 4), error therein is reviewable by the court on a motion to dismiss the indictment. (See Denzer, *233 Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.30.)
In the opinion of the court the existence here of two statutes providing different felony classification for the same prohibited conduct is a mere happenstance. The underlying issue lies in the fact that the District Attorney charged the Grand Jury concerning the elements of one crime and the Grand Jury without instructions returned an indictment drafted by the District Attorney for a different and more serious crime. No explanation of this unusual turn of events was offered by the District Attorney in answering affidavits to the motion or on oral argument. The court holds the instruction of the District Attorney to the Grand Jury to be erroneous in their inadequacy and the return of the indictment by the Grand Jury improper. Accordingly, it directs that the indictment be dismissed.
In view of the decision reached, consideration of the host of other preliminary motions addressed to the indictment is moot and the resolution of them is academic. They are also dismissed.