F. Warren Travers, J.
Defendant, Charles H. Gressler, was convicted on May 12, 1971 of the crimes of rape in the first degree and burglary in the second degree.
On June 2, 1971, defendant was sentenced in Rensselaer County Court to a term of imprisonment of 10-20 years on the rape, and a term of 7 Vi-15 years on the burglary, the sentences to run concurrently.
Defendant is presently confined at the correctional facility at Attica, New York, and makes this application for an order vacating the sentence on the ground that the sentence was pronounced in violation of section 2189-a of the 1909 Penal Law. Defendant also claims that there was a violation of section 480 of the old Code of Criminal Procedure.
Section 2189-a of the 1909 Penal Law, "Indeterminate sentences of one day to life” reads as follows: "No person convicted of a crime punishable in the discretion of the court with imprisonment for an indeterminate term, having a minimum of one day and a maximum of his natural life, shall be sentenced until a psychiatric examination shall have been made of him and a complete written report thereof shall have been submitted to the court. Such examination shall be made in the manner prescribed by sections six hundred fifty-nine, six hundred sixty, six hundred sixty-one and six hundred sixty-two-e of the code of criminal procedure. Such report shall include all facts and findings necessary to assist the court in imposing sentence. A copy thereof shall be transmitted by the clerk of the court to the warden or superintendent of the correctional institution to which the prisoner is committed.”
Defendant alleges in his affidavit that a psychiatric examination was ordered at the time of his arraignment on August 13, 1968 and alleges further that this examination found that defendant understood the charges against him and was fit to stand trial. Defendant alleges that there was no other psychiatric examination.
The People submit an affidavit in opposition in which the Assistant District Attorney states that a search was made of *797 the files and the office is unable to determine whether defendant was psychiatrically examined prior to sentencing, "although the records indicate, and he concedes, he was psychiatrically examined after his arrest and arraignment.”
"There are different reasons for the two types of psychiatric examinations. In the type prior to a plea, the sole and distinct reason is to conduct tests and studies to determine whether the defendant understands the nature of the charge and of making his defense. The examination mandated by section 2189-a of the Penal Law is perhaps of a more comprehensive type and, among other purposes, is to make recommendations for the benefit or treatment of the defendant; the protection of the public; a statement of the prognosis; and to make recommendations for the custodial future of the defendant for the safety and protection of the public.” (People ex rel. Pealo v La Vallee, 42 Misc 2d 1005, 1006.)
Defendant contends that a psychiatric examination was mandated by statute and should have been performed even though the court did not impose a sentence of one day to life.
The Appellate Division, Second Department, in People v Spry (5 AD2d 835) stated, "In our opinion, the latter statute [former Penal Law, § 2189-a] requires a psychiatric examination prior to sentence in every case in which a sentence of from one day to life may be imposed, regardless of whether such a sentence is in fact imposed.”
The court finds, therefore, that a psychiatric examination should have been conducted and made available to the sentencing court notwithstanding a sentence other than one day to life was imposed.
Having made this determination, the court does not consider the other ground raised by defendant under section 480 of the old Code of Criminal Procedure.
Defendant is remanded to Rensselaer County Court to be resentenced.