OPINION OF THE COURT
Raymond Harrington, J.
The defendant has been charged by a Nassau County Grand Jury with one count of criminal possession of a weapon in the third degree, a class D felony (Penal Law, § 265.02). The indictment reads as follows: "The defendant, Earl D. McWilliams, on or about the 24th day of February, 1978, in the County of Nassau, State of New York, had in his possession a firearm, to wit: revolver, loaded with ammunition, said possession not being in the defendant’s home or place of business.” By this motion, the defendant seeks an order of this court granting several forms of pretrial relief, including an order, pursuant to CPL 210.20, granting inspection of the Grand Jury minutes, and upon such inspection, dismissing the indictment on the grounds that Grand Jury proceeding was defective and that evidence presented to the Grand Jury was legally insufficient. (CPL 210.20, 210.30, 210.35.) Based upon the disposition of that segment of the defendant’s motion, the defendant’s remaining requests are denied as moot.
As noted earlier, the defendant is accused of violating section 265.02 of the Penal Law. That section reads, in pertinent part, as follows: "A person is guilty of criminal possession of a weapon in the third degree when: * * * (4) He possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person’s home or place of business.”
The evidence initially presented to the Grand Jury, if uncontradicted, would tend to establish that on February 24, 1978, a loaded .22 calibre handgun was in the possession of *651 the defendant. At the time of his arrest, the defendant was seated in an automobile.
Following presentation of this evidence, the District Attorney charged the Grand Jury as follows: "You may additionally consider as against Earl D. McWilliams, a charge of Criminal Possession of a weapon in the third degree. 'A person is guilty of criminal possession of a weapon in the third degree when he possesses any loaded firearm.’ ”
In response to further questions, the District Attorney again charged the jury with regard to the weapons offense: "Let me read the section of the possession of the weapon. Criminal possession of a weapon in the third degree: 'A person is guilty of criminal possession of a weapon in the third degree when he possess [sic] any firearm.’ ”
The District Attorney then left the room for a brief interval until summoned by the foreman of the Grand Jury. The Grand Jury wished to question the People’s witness further. The only information elicited relevant to this application was the fact that the automobile operated by the defendant was a taxicab. Following this last set of questions and without any further charge by the District Attorney, the Grand Jury retired and returned this indictment.
The fact that the defendant was operating a taxicab is relevant to this inquiry. The statute the defendant is charged with violating contains what has been characterized as an "exception.” That is, if the loaded weapon is possessed in the defendant’s home or place of business, absent a previous conviction of a crime, no felony offense is committed. The People then are relegated to the lesser included offense of criminal possession of a weapon in the fourth degree, a class A misdemeanor. (Penal Law, § 265.01; but, see, People v Ali, 36 NY2d 880.) The Appellate Division, Second Department, explained the statutory scheme in this way: "The possessor of a firearm 'in such person’s home or place of business’ is given the benefit of having the possession reduced from a felony to a misdemeanor for the apparent reason that the Legislature concluded the firearm was to be used at such locale in defense of the possessor’s person and property.” (People v Francis, 45 AD2d 431, 434.)
There is considerable debate as to whether the "place of business exception” should be construed to include a taxicab. At least three lower court decisions have so interpreted the provision. (People v Santana, 77 Misc 2d 414; People v Ander *652 son, 74 Misc 2d 415; People v Santiago, 74 Misc 2d 10.) Other courts have more strictly limited the exception. (Cf. People v Fearon, 58 AD2d 1041, which held that extending the exception to cover a defendant who happened to shoot his victim at his place of business would be a perversion of justice.) The Appellate Division, Second Department, has more strictly construed the exception than most other courts. In People v Francis (45 AD2d 431, supra) a sharply divided court concluded that the "place of business exception” did not extend to a postal employee who was arrested for weapons possession on the premises of a United States Post Office. The majority placed considerable emphasis on People v Levine (42 AD2d 769) a memorandum decision of the court. (See People v Francis, supra, p 433, for a discussion of Levine.) Levine involved a taxicab driver who displayed a loaded revolver during the course of an argument with another motorist, who was an off-duty patrolman. The Appelalte Division affirmed the judgment of conviction based upon the defendant’s plea of guilty, rejecting the defendant’s contention that the trial court erred as a matter of law when it held that a taxicab was not a place of business.
The court then went on to compare the holding in Levine with the facts presented in the Francis case. "It is clear that the defendant at bar was not delegated by his superiors to protect any property of the United States Government. The arresting Special Police Officer was available for security purposes. While not for a moment departing from our holding in Levine (42 A D 2d 769, supra), any attempt to analogize a taxicab with a United States Post Office must fail. In a taxicab the driver has at least exclusive appropriation and control. This is not so in the Post Office, where the employee (in the defendant’s status) has no authority or delegation to carry a concealed weapon. The defendant’s possession of a gun in the Post Office was not in any way in furtherance of any function or duty being performed by him for the postal service. Further, it appears from the sentence minutes that the defendant, at that time, did not justify why he carried the gun. There is, however, some intimation in the probation report that he carried the gun to protect himself while traveling to and from his place of employment.” (People v Francis, supra, p 434.)
The dissenters argued that the strict construction adopted by the majority was too rigid and narrow. They distinguished Levine, in part, by noting that the taxi driver in Levine did *653 not display his weapon in connection with the operation of his taxicab as a cab for hire, but rather in an altercation with another motorist. (People v Francis, supra; see, also, 10 Zett, NY Crim Prac, p 93-36.)
The defendant in Francis appealed to the Court of Appeals. That court, using the following language, specifically declined to shed any light on the "place of business exception.”
"The law under which he was charged makes possession of a gun and ammunition a class D felony unless the possession occurs in 'such person’s home or place of business’, in which case the offense is characterized as a misdemeanor. (Penal Law, § 265.02, subd 2, renumbered § 265.02, subd 4, by L 1974, ch 1041.) The term 'place of business’ had not at that time been defintively interpreted, but some lower court cases had held that it applies to such small business proprietors as taxi drivers who are responsible for the safety of their vehicles. (People v Santana, 77 Misc 2d 414; People v Anderson, 74 Misc 2d 415; People v Santiago, 64 Misc 2d 10.)
"Nevertheless, defendant urged, for the first time on appeal, that the Judge had an absolute duty to warn him that he might qualify for the misdemeanor category before accepting his plea to the class E felony of attempted possession, which resulted in a six-month sentence. We do not agree.
"In delineating our reasons, however, it is first necessary to state that we do not today decide the question of whether the place of business exception should apply to one in the defendant’s position. The Appellate Division, in affirming defendant’s conviction, held that it did not. The two Judges who dissented, did so on that issue. The majority, in its discretion, also reduced the defendant’s sentence to time already served. We affirm the order, but not for the reasons stated in either opinion.” (People v Francis, 38 NY2d 150, 152.)
A careful reading of the reported cases leads one to the conclusion that this area of the law is at best, unsettled. It is clear that the exception does not apply when the person possessing the weapon does so to accomplish some illicit purpose. (People v Fearon, 58 AD2d 1041, supra.) Further, where the weapon is used for some purpose outside the scope of his business function, the exception does not apply. (People v Levine, supra; People v Francis, 45 AD2d 431, supra.) Other factors which may have bearing on the applicability of the exception to a particular case include the incidents of ownership or control over the area or object to be protected, *654 whether or not the weapons could reasonably be considered necessary or authorized for protection of persons or property, and finally, whether application of the exception would defeat the overriding purpose of the statute, which is to limit the use of concealed weapons. (People v Francis, supra, pp 434-435.)
At this point in time, the determination as to whether the "place of business exception” applies must be considered a mixed question of law and fact. Once the policy question is resolved in favor of its application in a particular case, the trier of fact must determine whether the facts of the case fall within the statutory "exception” as construed by prior decision. As noted earlier, the evidence adduced before the Grand Jury, if uncontradicted, would tend to establish that the defendant possessed a loaded revolver while seated in the driver’s seat of a taxicab. Although the defendant may have been involved in the criminal transaction occurring simultaneously, the Grand Jury minutes disclose no evidence that such was the case. Further, there is no indication that the defendant made any effort to display or fire the weapon prior to its seizure. If the "place of business exception” has any application to a taxicab, it should apply to the taxi driver who possesses a loaded firearm in his taxi, without utilizing it for any purpose outside of his role as driver. Since there has been no definitive appellate determination on this particular issue, its resolution should be left to the trier of fact.[1]
The murky outlines of the "place of business exception” are further beclouded by several related issues. First, who must come forward with evidence relative to the applicability of the "exception” to the possessor. Second, once evidence has been introduced, who bears the burden of persuasion. Third, what standard must be met to satisfy that burden. Finally, what is the court’s, or, as in this case, the District Attorney’s responsibility with respect to the charge to be given to the triers of fact.
Although sometimes treated as an element (see People v Ali, 36 NY2d 880, supra), the majority of the reported cases concerning the clause in question characterize it as an "exception”. (People v Francis, 38 NY2d 150, supra; People v Ali, 44 AD2d 232, affd 36 NY2d 880, and dissenting opn by Murphy, J.; see, also, United States ex rel. Presenzano v Deegan, 294 F *655 Supp 1347.) The burden of coming forward with some evidence, however slight, indicating possession in a "place of business” rests on the defendant. (United States ex rel. Presenzano v Deegan, supra.) Once some evidence is placed before the trier of fact tending to indicate that the exception applies, the due process clause of the Federal Constitution as well as statute require the People, at trial, to prove beyond a reasonable doubt that the exception does not apply. (Penal Law, § 25.00; Matter of Winship, 397 US 358; Mullaney v Wilbur, 421 US 684; Patterson v New York, 432 US 197.)
Justice White in Patterson v New York (p 210) made the following observations concerning New York’s criminal practice regarding affirmative defenses: "We thus decline to adopt as a constitutional imperative, operative countrywide, that a State must disprove beyond a reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of an accused. Traditionally, due process has required that only the most basic procedural safeguards be observed; more subtle balancing of society’s interests against those of the accused have been left to the legislative branch. We therefore will not disturb the balance struck in previous cases holding that the Due Process clause requires the prosecution to prove beyond a reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.”
The Patterson holding was criticized as grafting formalistic restrictions on the court’s decisions in Mullaney v Wilbur and Matter of Winship (see the dissenting opn by Justice Powell, in Patterson v New York, supra, p 216). The decision in Patterson upheld the New York requirement that a defendant carry the burden of persuasion in establishing affirmative defenses. In the case of statutory exceptions, such as the one considered here, the rule enunciated in Mullaney and Winship applies. Due process requires that the People must prove beyond a reasonable doubt every fact necessary to constitute the crime charged. (Mullaney v Wilbur, supra; Matter of Winship, supra.)
There is no obligation placed upon the court, at trial, to include in its charge an explanation of the "place of business exception” unless the defendant has met the burden of coming *656 forward. (People v Ali, 44 AD2d 232, affd 36 NY2d 880, supra.) The situation is necessarily different before the Grand Jury. Where the statute defining a crime contains an exception, the indictment must allege that the crime is not within the exception. (People v Kohut, 30 NY2d 183.) It is difficult to understand how the Grand Jury can conclude, and, by indictment allege, that the exception does not apply, when it is unaware of its existence. The obligation to charge with respect to the exception becomes more clear when the evidence presented to the Grand Jury indicates that the exception has, at least, arguable application. (People v Ferrara, 82 Misc 2d 270.)
The instant indictment is not subject to dismissal pursuant to CPL 210.20 (subd 1, par [b]) because the evidence presented to the Grand Jury would at least establish the lesser included offense of criminal possession of a weapon in the fourth degree (Penal Law, § 265.01).[2] However, a review of the instructions given to the Grand Jury by the District Attorney indicates that dismissal of the indictment is required under CPL 210.20 (subd 1, pars [a], [c]).
The District Attorney’s first charge to the Grand Jury omitted the statutory phrase outlining the "home or place of business exception”. This error renders the indictment in the instant case subject to dismissal for the following reasons, outlined earlier here:
(1) The indictment alleges, as required, that the weapon was possessed outside of the "defendant’s home or place of business”. The Grand Jury was never informed of the existence or *657 character of the exception, thereby precluding such a reasoned determination.
(2) The People’s own witness indicated that the weapon was seized in a taxicab, thus shouldering the defendant’s burden of coming forward. At that point, even if not before, the obligation to charge existed. Further, the burden of persuasion shifted to the People, and the District Attorney was required to present evidence, which if unexplained or uncontradicted, would indicate that the exception did not apply.[3]
The District Attorney’s second charge omitted both the "exception” and an additional element; the second charge failed to indicate that the charge of criminal possession in the third degree requires a loaded firearm. This second charge correctly stated the elements of criminal possession of a weapon in the fourth degree, a misdemeanor (Penal Law, § 265.01).
This case is the functional equivalent of People v Kinnicutt (83 Misc 2d 229). In a case involving marihuana sales, the Grand Jury returned an indictment charging a higher degree felony than the crime which was the subject of the District Attorney’s charge. Judge Horey noted (p 232): "This court concedes with appreciation the intelligence of today’s Grand Juries. Nevertheless, this court cannot bring itself to the conclusion that such Grand Juries have reached that degree of sophistication that it can be said that they are completely knowledgeable without instructions as to the elements constituting violations of the drug related statutes of this State as they now exist.”
In view of the confusion surrounding the "place of business exception”, the same difficulties exist in the present case. This court is not unmindful of the burden that the hazy state of the law places on prosecutors and Grand Juries alike. However, where a penal statute creates an exception limiting culpability, and the evidence presented to the Grand Jury raises the possibility that the exception applies, the defendant is entitled to have the Grand Jury determine whether or not his criminal conduct should be graded accordingly. When the *658 instructions given by the District Attorney prevent the Grand Jury from accurately appraising the degree of culpability attributable to the defendant, the indictment must fail.
Based upon all of the foregoing, the indictment is dismissed. The District Attorney may apply within 30 days for leave to represent this matter to the same or another Grand Jury.

. It should be noted that no New York court has limited the "place of business exception” to a "fixed” place of business, a construction which would finally resolve the taxicab issue. (See Ann. 57 ALR3d 938.)

. The language of the Court of Appeals in People v Ali (36 NY2d 880, 882) would appear to dictate a different conclusion. In a memorandum opinion, the court construed section 265.05 of the Penal Law, the present section’s predecessor, as follows: "Nor was defendant entitled to a misdemeanor charge on the theory that it was a lesser included offense within the felony charge (CPL 1.20, subd 37). The misdemeanor and felony offenses were alternative, discrete offenses as determine by the place of commission. If possession took place in defendant’s home or place of business it was a misdemeanor; if possession was elsewhere it was a felony. On no reasonable interpretation of the statute can one say, to paraphrase the statutory definition of lesser included offense, that it was impossible, by the same conduct, to have had possession outside the home or place of business without concomitantly having had possession in the home or place of business.[2]

 "Under former subdivision 2 of section 265.05 it would also have been a misdemeanor rather than a felony had the gun not been loaded. No contention is made here that the gun was not loaded.”
Although this court can perceive no distinction between the operative sections of the predecessor statute, and the current provision, the questions raised by the decision of the Court of Appeals need not be resolved here.

. Some courts have held that an indictment must be set aside where the District Attorney fails to present exculpatory evidence to a Grand Jury, or, when such evidence is presented, he fails to charge as to the nature of the exculpatory evidence. In this case, the People were on notice, by virtue of the defendant’s statement, that the "place of business” exception might apply. (Cf. People v Ferrara, 82 Misc 2d 270, supra.)