OPINION OF THE COURT
John V. Vaughn, J.
Upon the stipulation between the District Attorney and the attorney for the defendant, this court has read the transcript of the Grand Jury proceedings which resulted in the indictment of the defendant on one count of sodomy in the first degree and one count of sexual abuse in the first degree, and finds that the indictment is defective as hereinafter set forth.
The transcript of the Grand Jury proceedings establishes that no evidence of penetration was submitted and that in response to a direct inquiry from a juror on that issue, the *189 Grand Jury was specifically advised that penetration was not required to support a charge of sodomy in the first degree. This court does not agree.
The only case which appears to have directly considered the question of the necessity of penetration to support a charge of sodomy under the new Penal Law held, without discussion, that such evidence was necessary. (People v Bercowitz, 61 Misc 2d 974.) The statute defining "deviate sexual intercourse”, an element of the crime of sodomy in the first degree (Penal Law, § 130.00, subd 2), provides that it is "sexual conduct * * * consisting of contact between the penis and the anus, the mouth and penis” but does not specify the extent of the contact required. It is this language that has led the author of one text to conclude that evidence of penetration may no longer be required in these cases. (8 NY Grim Prac, par 70.3 [1].) However, the very phrase "deviate sexual intercourse” incorporates the term "sexual intercourse” which is defined as including the necessity of penetration (Penal Law, § 130.00, subd 1). If the Legislature had intended to eliminate the requirement of penetration in sodomy cases, they could have used a phrase such as "deviate sexual conduct” or any other phrase which did not include the concept of "sexual intercourse”.
This conclusion is supported by the fact that under the former Penal Code it was well established that the crime of sodomy required proof of penetration. (People v Spry, 5 AD2d 835; see People v Randall, 9 NY2d 413.) In this light it is important to note that both the commission staff notes to the revised Penal Code and the Practice Commentaries indicate that no major substantive change in this area was made in the former Penal Law, and that the commission staff notes merely indicate that the definition of "deviate sexual intercourse” was generally derived from the existing law. (See Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, art 130, p 444; Commission Staff Notes to Proposed Penal Law, art 135, § 135.00). If the Legislature had intended to change the law in this area, some mention of that change would have appeared in the commission notes or some phrase other than "deviate sexual intercourse”, which incorporates the term "sexual intercourse”, would have been used.
Despite the lack of sufficient evidence to support the charge of sodomy in the first degree, this count of the indictment may not be dismissed under CPL 210.20 (subd 1, par [b]) if there is *190 evidence to establish the guilt of any lesser included offense. (People v Frisbie, 40 AD2d 334; People v Leichtweis, 59 AD2d 383; CPL 210.30.) Inasmuch as the evidence before this Grand Jury would support a charge on the lesser included offense of sexual abuse in the first degree (see Matter of David M., 93 Misc 2d 545; People v Thomas, 91 Misc 2d 724), it may not be dismissed on that ground.
However, in light of the erroneous instruction on the law to the Grand Jury, that count of the indictment charging the defendant with sodomy in the first degree, may be dismissed under CPL 210.20 (subd 1, par [c]). It is now well established that the instructions given to a Grand Jury are subject to review by the court to determine whether there has been an impairment of the Grand Jury’s functions. (People v Colebut, 86 Misc 2d 729.) While the mere reading of the wrong subdivision of a section of the Penal Law was held to be harmless where the evidence was sufficient to support the crime charged in the indictment (People v Dearstyne, 50 AD2d 1029), the situation in this case is different. Here, not only was the instruction incorrect, but the evidence was insufficient to support the crime charged in the indictment. The situation here is more similar to that faced in People v Kinnicut (83 Misc 2d 229) and People v McWilliams (96 Misc 2d 648) where the courts dismissed the indictments upon the ground of an erroneous instruction. In McWilliams (supra, pp 657, 658) there was also evidence sufficient to establish the commission of a lesser included offense but the court nevertheless dismissed the indictment stating "When the instructions given by the District Attorney prevent the Grand Jury from accurately appraising the degree of culpability attributable to the defendant, the indictment must fail.”
Accordingly, Count No. 1 of the indictment charging the defendant with sodomy in the first degree is dismissed. The District Attorney may apply within 30 days for leave to represent this matter to the Grand Jury.