■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD MEYER, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered February ·5, 1974, convicting him of criminal possession of a weapon as a felony, upon his guilty plea, and sentencing him to an indeterminate prison term not to exceed three years. Judgment modified, on the law, by reducing it to a conviction of criminal possession of a weapon as a misdemeanor and to a sentence for the time served. As so modified, judgment affirmed. Defendant was charged with unlawful possession of a loaded weapon. His indictment, however, was silent as to the degree of the crime or whether such possession took place in defendant's home, place of business, or elsewhere. Such a specification is necessary if the validity of the indictment is to be sustained as charging a felony. Where there is an exception to the definition of a crime within the statute which is the predicate for a charge in an indictment, · it is incumbent upon the People to assert in that document whether the crime charged is within or without such exception (*People* v. *Kohut,* 30 N Y 2d 183, 187). Subdivision 2 of section 265.05 of the Penal Law contains such an exception, which was not distinguished in defendant's indictment (see *People* v. *Ali,* 44 A D 2d 232). Similarly, subdivision 3 of that section does also. However, while the indictment may not support a conviction for a felony charge of possession of a weapon, it is sufficient to support a conviction for that crime as a misdemeanor and we therefore reduce the conviction herein accordingly. Since defendant has already been incarcerated for longer than he could have been sentenced on a misdemeanor, the sentence should be modified to the time served. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.