Memorandum. The order of the Appellate Division should be affirmed.
 

 Defendant was indicted for attempted murder, attempted first degree assault, second degree assault and reckless endangerment and for felonious possession of a loaded firearm outside his “home or place of business” (Penal Law, § 265.05, subd 2, the section in effect at the time of defendant’s offense).
 
 [1]
 

 On trial there was uncontroverted evidence that defendant followed his wife out of his delicatessen onto the sidewalk and fired a gun several times in the direction of an occupied parked car which she had just entered. One of the shots grazed her forehead. A short while later defendant reappeared in the doorway of his store and was immediately arrested by two police officers who had witnessed the shooting. One of the officers found the gun on the floor of the delicatessen behind the counter.
 

 The jury convicted defendant of felonious possession of a weapon, failed to reach a verdict on the attempted assault charge (thereafter dismissed with the consent of the prosecutor), and acquitted him on all other counts.
 

 In the charge to the jury with respect to the weapons count, the trial court included no reference to the
 
 place
 
 of defendant’s possession
 
 of
 
 the gun, i.e., whether in his home
 
 or
 
 place of business or elsewhere. Under the statute possession in the
 
 *882
 
 home or place of business would have been a misdemeanor; possession elsewhere, a felony (Penal Law, §265.05, subd 2). No exception was taken to this charge, although defendant’s counsel did request "that the jury be charged on possession of a weapon as a misdemeanor”. This request was denied.
 

 On this appeal defendant contends that it was error to deny his request for a misdemeanor charge and that there was insufficient evidence as a matter of law to support the felony conviction. Our examination of the record satisfies us that there is no substance to the latter claim. As to the former we likewise conclude that there was no reversible error. The indictment charged only possession of a weapon as a felony. As required under the doctrine of
 
 People v Kohut
 
 (30 NY2d 183, 187) the indictment here expressly covered the exception then contained in the statute by inclusion of the clause, "said possession not being in the. defendant’s home or place of business”. Thus, there was no right under the indictment to a misdemeanor charge.
 

 Nor was defendant entitled to a misdemeanor charge on the theory that it was a lesser included offense within the felony charge (CPL 1.20, subd 37). The misdemeanor and felony offenses were alternative, discrete offenses as determined by the place of commission. If possession took place in defendant’s home or place of business it was a misdemeanor; if possession was elsewhere it was a felony. On no reasonable interpretation of the statute can one say, to paraphrase the statutory definition of lesser included offense, that it was impossible, by the same conduct, to have had possession outside the home or place of business without concomitantly having had possession in the home or place of business.
 
 [2]
 

 We also note in passing that although there was a request in general terms to charge possession of a weapon as a misdemeanor no exception was taken to the court’s failure in its felony charge to include appropriate reference to possession outside of defendant’s home or place of business. Thus, the error, if any, in this regard was not preserved for our review.
 

 
 *883
 
 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order affirmed.
 

 [1]
 

 . The statute has since been amended (L 1974, ch 1041).
 

 [2]
 

 . Under former subdivision 2 of section 265.05 it would also have been a misdemeanor rather than a felony had the gun not been loaded. No contention is made here that the gun was not loaded.