■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RESTREPO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered January 8, 1982, convicting him of reckless endangerment in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. At approximately 10:00 P.M. on April 22, 1981, Detective Arthur Giammarino of the New York Transit Police was off duty and was walking along East 5th Street in Brooklyn, New York, with his 12-year-old son, his 13-year-old daughter, his daughter's girlfriend and other children. The girls were walking about 30 feet ahead of Mr. Giammarino and his son toward the intersection of Caton Avenue when an automobile driven by the appellant stopped for a traffic light. While they were waiting for the light to change the appellant and the other two occupants of the car began moaning and shouting obscenities at the girls, who continued walking around the corner along Caton Avenue. When the light changed, the appellant turned his vehicle onto Caton Avenue and stopped alongside the girls. The appellant and one of the occupants, Juan Perez, leaned out of the car and again yelled obscenities at them. As Detective Giammarino and his son came around the corner onto Caton Avenue, the detective observed Perez, who was seated in the back seat of the car, waving a gun. Detective Giammarino drew his own gun, held it behind him, and walked toward the automobile. As the detective approached the vehicle, the appellant had a conversation with the other occupants of the car and Perez continued to wave the gun. Appellant, who faced Detective Giammarino as the detective neared the car, turned toward his passengers and said something to them. As the appellant started the car forward, Perez stuck a silver revolver out of the rear window, pointed the gun in Detective Giammarino's direction and fired, striking the detective's son in the back. Upon the firing of the gun, the appellant immediately drove the car away. About 45 minutes later, the automobile was found parked in a closed gas station with the appellant and Perez seated on the trunk and another person standing nearby. The gun involved in the incident, a silver .32 caliber revolver with five live rounds, was in a brown leather pouch lying on the floor of the car under the steering wheel, and a second gun, a .357 magnum revolver with six live rounds, was behind the passenger seat. In addition to the gun and ammunition, the brown leather pouch contained a laundry ticket bearing the appellant's name. By Indictment No. 1962/81, the appellant and Perez were indicted for attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, reckless endangerment in the first degree, criminal possession of a weapon in the second degree, and two counts of criminal use of a firearm in the first degree. By Indictment No. 2054/81 the appellant was also charged with two counts of criminal possession of a weapon

in the third degree (possession of a weapon at the time of his arrest). The indictments were jointly tried and at the end of the People's case the charges of criminal possession of a weapon in the third degree under Indictment No. 2054/81 were dismissed. The remaining charges, with one exception, were submitted to the jury. The exception involved the charge of criminal possession of a weapon in the second degree which was eliminated. In its stead, the court submitted the "lesser added charge" of criminal possession of a weapon in the third degree and limited its application to the events involving the .32 caliber revolver which had occurred at Caton Avenue and East 5th Street. The jury acquitted the appellant of attempted murder and the assault charges but found him guilty of reckless endangerment in the first degree and criminal possession of a weapon in the third degree. On appeal, the appellant claims, *inter alia,* that (1) there was insufficient evidence to sustain the convictions; (2) the conviction on the charge of criminal possession of a weapon in the third degree should be reversed since (a) the jury allegedly failed to follow the trial court's instructions in considering that charge and (b) the trial court allegedly charged criminal possession of a weapon in the third degree as a lesser included offense of the reckless endangerment charge, whereas the weapons charge merged with the reckless endangerment charge; and (3) the sentences imposed were excessive. Initially, we note that there is ample evidence to sustain the convictions (*People v Jackson,* 44 NY2d 935; *People v Keitt,* 42 NY2d 926) and that the concurrent two- to six-year terms of imprisonment were not excessive. With respect to the charge of criminal possession of a weapon in third degree, a reading of the record shows clearly that it was submitted to the jury as a replacement for the criminal possession of a weapon in the second degree count and not as a lesser included offense of reckless endangerment in the first degree. In any event, the weapons possession charge does not merge with the reckless endangerment count (*People v Perez,* 45 NY2d 204; *People v Berzups,* 49 NY2d 417, 420). Finally, having failed to object before the jury was dismissed, any error of law based on the jury's failure to obey instructions was not preserved for appellate review (*People v Dercole,* 52 NY2d 956). We have considered the other arguments made by the appellant and find them to be without merit. O'Connor, J. P., Brown, Niehoff and Rubin, JJ., concur.