■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY NEWELL, Appellant. — Appeal by defendant from a judgment of the Supreme Court,

Queens County (Chetta, J.), rendered March 5, 1981, convicting him of criminal possession of a weapon in the third degree, grand larceny in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the defendant's conviction on the third count of the indictment charging him with criminal possession of a weapon in the third degree, the sentence imposed thereon is vacated and that count of the indictment is dismissed. As so modified, judgment affirmed. The third count of the indictment, charging defendant with criminal possession of a weapon in the third degree, states: "THE GRAND JURY OF THE COUNTY OF QUEENS, by this indictment, accuse the defendant of the crime of CRIMINAL POSSESSION OF A WEAPON IN THE THIRD DEGREE committed as follows: The defendant, aforenamed on or about November 23, 1979 in the County of Queens, *unlawfully possessed a loaded firearm*" (emphasis added). Subdivision (4) of section 265.02 of the Penal Law provides that "[a] person is guilty of criminal possession of a weapon in the third degree when * * * [h]e possesses any loaded firearm. *Such possession shall not * * * constitute a violation of this section if such possession takes place in such person's home or place of business*" (emphasis added). Since the statute contains an exception for possession in one's home or place of business, the indictment should have alleged that defendant's possession of the weapon was outside his home or place of business (*People v Kohut*, 30 NY2d 183, 187; *People v Meyer*, 46 AD2d 904). Although the insufficiency of the factual allegations of this count of the indictment was not timely raised, since the indictment failed to allege every material element of the subject crime it was jurisdictionally defective and the defect was not waivable (see *People v Iannone*, 45 NY2d 589, 600-601). We find no merit to defendant's other contentions. Damiani, J. P., Mangano, Gibbons and Niehoff, JJ., concur.