OPINION OF THE COURT
Donald Grajales, J.
This case presents the issue under the new guidelines set by the Court of Appeals whether criminal possession of a weapon in the third degree is a lesser included offense of criminal possession of a weapon in the second degree. The determination of this issue centers around whether the “home or place of business” exception contained in the section defining criminal possession of a weapon in the third degree is an element of that crime.
Defendant was indicted, inter alla, for the crimes of criminal possession of a weapon in the second degree (Penal Law, § 265.03) and reckless endangerment in the first degree (Penal Law, § 120.25).[1]
In the course of defendant’s jury trial, defendant requested that the court charge the jury as to the crime of criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd [4])[2] as a lesser included offense of *649 criminal possession of a weapon in the second degree (Penal Law, § 265.03).[3]
The issue whether criminal possession of a weapon in the third degree is a lesser included crime of criminal possession of a weapon in the second degree is determined by applying the test in People v Glover (57 NY2d 61) and People v Green (56 NY2d 427). In People v Glover (supra, at p 64), the court stated that the first prong of a two-prong test is whether it is “theoretically impossible to commit the greater crime without at the same time committing the lesser * * * and is determined by a comparative examination of the statutes defining the two crimes, in the abstract” (emphasis supplied). (See People v Green, supra). “If the lesser crime requires demonstration of an element or fact not required by the greater, the impossibility test has not been met”. (People v Green, supra, at p 431; emphasis supplied).
The fact pattern in People v Fearon (58 AD2d 1041, application for lv to opp den 42 NY2d 1002, cert den sub nom. Fearon v New York, 434 US 1036) provides a perfect example for making this theoretical evaluation. In Fearon, the defendant shot and killed decedent in defendant’s place of employment. Although the defendant is guilty of felonious possession of a weapon (he possessed a loaded firearm with intent to use the same unlawfully against the decedent), he did not, at the same time, commit the crime of possession in his place of business. Therefore, under those facts, it is possible to commit the higher crime without “concomitantly committing, by the same conduct” the lesser offense (see CPL 1.20, subd 37; cf. People v Restrepo, 93 AD2d 825; People v Brown, 91 AD2d 638).
However, the determining factor is not whether this court could conceive of a theoretical situation, but whether by a comparison of the statutes “defining crimes” or their elements the lower crime is a lesser included offense of the higher crime. Thus, the question is whether the exception *650 is an element of criminal possession of a weapon in the third degree.
The “home or place of business” exception appeared in subdivision 2 of section 1897 of the former Penal Law, effective July 1,1964 (L 1964, ch 521), on the recommendation of the New York State Joint Legislative Committee on Firearms and Ammunition. The 1964 report of that committee (NY Legis Doc, 1964, No. 12) offers no insight into the legislative intent for including the exception in the statute (People v Francis, 45 AD2d 431, affd 38 NY2d 150, Shapiro, J., dissent at 45 AD2d, at p 435, n 1; see, also, People v Rondon, 109 Misc 2d 394, 395). This provision merely reduces the charge of criminal possession of a weapon from a felony to a misdemeanor. Apparently it was intended to mitigate the penalty for persons whose illegal possession of a weapon is inside their home or place of business and is solely for self-protection and protection of property (see People v Fearon, 58 AD2d 1041, supra).
The case-law interpretation of the so-called “exception” contributes to the confusion in this area.
In United States ex rel. Presenzano v Deegan (294 F Supp 1347), petitioner argued that the “exception” in subdivision 2 of section 1897 of the former Penal Law is a matter to be excluded by the People in its direct case and not something to be raised by the defense. The court rejected defendant’s argument and called the “exception” a “defense” and placed the burden on the defendant to go forward with “some evidence, however slight,” to raise the issue of possession in his home or place of business (at p 1350). The court did imply that once raised, the People must prove that possession was not in defendant’s home or place of business.
In People v Kohut (30 NY2d 183, 187), a majority of the Court of Appeals, in deciding whether an indictment must allege facts tolling the Statute of Limitations, stated that: “[e]ssential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the indictment must allege that the crime is not within the exception” (emphasis supplied). This rule of construction when applied to the “home or place of busi *651 ness” exception requires that it be delineated as an “essential allegation” of the crime.
In People v Iannone (45 NY2d 589, at pp 600-601), the Court of Appeals decided that an indictment which fails to allege every material element of the crime charged is jurisdictionally defective.
In People v Meyer (46 AD2d 904), the Appellate Division, Second Department, failed to dismiss an indictment which did not assert whether the crime charged (criminal possession of a weapon) was within the statutory exception. The appellate court held that while the indictment might not support a conviction for the felony charge of possession of a weapon because of the failure to allege the “exception” in the indictment, the indictment was sufficient to support a conviction for the crime of criminal possession of a weapon, as a misdemeanor, and reduced the defendant’s conviction accordingly.
In People v Ali (44 AD2d 232, affd 36 NY2d 880), the issue which was presented involved a situation in which the indictment contained the statutory exception by inclusion of the clause, “said possession not being in the defendant’s home or place of business.” The trial court refused to charge the jury with respect to the weapons count as to the place of defendant’s possession of the gun, i.e., whether it was in defendant’s home, place of business or elsewhere. Ali was convicted of felonious possession of a weapon. The Appellate Division {supra, at p 233) stated: “A trial court, even after a request by counsel, is not required to instruct the jury on the elements of a crime which has not been proven under any view of the facts. This is true whether the request involves a lesser-included crime (cf. CPL 300.50) or whether it involves a statutory exception such as in the case at bar (United States ex rel. Presenzano v. Deegan, 294 F. Supp. 1347; cf. People v. Anthony, 21 A D 2d 666).” (Emphasis supplied.)
The Court of Appeals in Ali (36 NY2d 880, at p 882, supra), found that it was not error for the trial court to have denied the proffered charge as long as the indictment charged only possession of a weapon as a felony. The Court of Appeals found that the exception to the statute (Penal Law, § 265.02, subd [4]) is a material element, and held *652 that criminal possession of a weapon in the fourth degree is not a lesser included offense of criminal possession of a weapon in the third degree. It is therefore apparent from the decisions in People v Ali {supra), at both the Appellate Division and Court of Appeals levels, that those courts found the “home or place of business” exception to be a material element of the crime.
In People v McWilliams (96 Misc 2d 648), the court seems to have determined that the “home or place of business” clause is an exception for all purposes, except for determining the validity of the indictment, where it becomes a material element of the crime, and therefore must be alleged. The court’s reasoning falls short of clarifying the “home or place of business” provision and, in fact, rebuts its own arguments by its citations. At page 654 of the McWilliams decision, the court indicates that the “exception” is sometimes treated as an element, citing People v Ali (36 NY2d 880, supra). The decision then states (p 654) that “the majority of the reported cases * * * characterize [the clause] as an ‘exception’ ”, citing the Appellate Division decision in People v Ali (44 AD2d 232, supra), among others.
The Appellate Division, Second Department, in the case of People v Newell (95 AD2d 815), decided that the “home or place of business” exception contained in subdivision (4) of section 265.02 is a material element of the subject crime. The court stated (at p 816): “Since the statute contains an exception for possession in one’s home or place of business, the indictment should have alleged that defendant’s possession of the weapon was outside his home or place of business (People v Kohut, 30 NY2d 183, 187; People v Meyer, 46 AD2d 904). Although the insufficiency of the factual allegations of this count of the indictment was not timely raised, since the indictment failed to allege every material element of the subject crime it was jurisdictionally defective and the defect was not waivable (see People v Iannone, 45 NY2d 589, 600-601).” (Emphasis supplied.) The Newell court modified the judgment of conviction by reversing the defendant’s conviction on the third count of the indictment, charging him with criminal possession of a weapon in the third degree, and dismissed that count of the *653 indictment. It did not reduce the conviction (as it had in People v Meyer, 46 AD2d 904, supra) because the absence of the “material element” was a jurisdictional defect.
This court finds that the “home or place of business” exception contained in subdivision (4) of section 265.02 of the Penal Law is a material element of the crime of criminal possession of a weapon in the third degree. Therefore, the burden of proving that the possession of the weapon was not in defendant’s home or place of business falls upon the District Attorney as it does with every other material element (Mullaney v Wilbur, 421 US 684). This is not to say that at trial the prosecution must immediately show that defendant did not possess the gun in his home or place of business. The prosecutor can rest upon the rebut-table presumption that such possession was not in defendant’s place of business or home. If evidence is adduced at trial that the possession of the gun may have been in defendant’s home or place of business, then the prosecution must sustain its burden of proof beyond a reasonable doubt and negate the inference raised.[4]
Accordingly, for the reasons set forth herein, the defendant’s motion made during trial to charge criminal possession of a weapon in the third degree as a lesser included offense of possession of a weapon in the second degree, was denied.

. He was convicted after a jury trial of the misdemeanors of reckless endangerment in the second degree and criminal possession of a weapon in the fourth degree (Penal Law, § 265.01).

. Section 265.02 of the Penal Law, criminal possession of a weapon in the third degree, reads in pertinent part:
“A person is guilty of criminal possession of a weapon in the third degree when * * *
“(4) He possesses any loaded firearm. Such possession shall not, except as provided in *649 subdivision one, constitute a violation of this section if such possession takes place in such person’s home or place of business’’ (emphasis supplied).

. Section 265.03 of the Penal Law, criminal possession of a weapon in the second degree, reads in pertinent part: “A person is guilty of criminal possession of a weapon in the second degree when he possesses * * * [al loaded firearm with intent to use the same unlawfully against another.”

. This kind of rebuttable “presumption” is not new to our law as is illustrated by the fact that the prosecution can rely upon the presumption of sanity, for example, until evidence is presented to rebut it. The burden of proof is always upon the prosecution to prove that the defendant was sane at the time of the commission of the crime, although the People are aided by the presumption. Once the presumption disappears from the case, the District Attorney must come forward with evidence beyond a reasonable doubt proving that the defendant was in fact sane at the time of the commission of the crime (Richardson, Evidence 110th ed], § 63, pp 42-43; Fisch, NY Evidence [2d ed], § 1132, p 647; see, also, Sandstrom. v Montana, 442 US 510; People v Getch, 50 NY2d 456).