OPINION OF THE COURT
Anne G. Feldman, J.
A jury acquitted defendant of criminal possession of a weapon in the second degree (Penal Law § 265.03) and convicted him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]).* The latter charge was submitted as a lesser included offense at the prosecutor’s request over defendant’s objection.
Defendant moves to set aside the verdict and dismiss the indictment pursuant to CPL 330.30 (1) on the grounds that criminal possession of a weapon in the third degree is not a lesser included offense of criminal possession of a weapon in the second degree because it is theoretically possible to commit the greater offense without, by the same conduct, committing the lesser. The People respond that defendant waived any objection to submission of criminal possession of a weapon in the third degree as a lesser included offense on these grounds; that such waiver obviates any jurisdictional defects; and that criminal possession of a weapon in the third degree is a lesser included offense under criminal possession of a weapon in the second degree.
*416 WAIVER
Defense counsel made timely objection to the submission of criminal possession of a weapon in the. third degree as a lesser included offense. A crime is a lesser included offense if (1) it is theoretically impossible to commit the greater crime without at the same time committing the lesser, and (2) in the particular case, there is a reasonable view of the evidence that would permit the jury to conclude that the defendant committed the lesser but not the greater crime (see, People v Glover, 57 NY2d 61, 64 [1982]; CPL 300.50). The court examined and compared the two statutes, looked to applicable precedent, and applied the two-tiered analysis required by People v Glover (supra) and People v Green (56 NY2d 427 [1982]) before submitting the lesser included offense to the jury.
Defendant’s counsel did not waive the objection he presents now merely because he focused his argument on the prosecution’s assertion that there was a reasonable view of the evidence to support conviction of the lesser, if not the greater, offense.
Having found no waiver, the court now turns to the merits of defendant’s claim.
LESSER INCLUDED OFFENSE
A person is guilty of criminal possession of a weapon in the second degree “when he possesses a machine-gun or a loaded firearm with intent to use the same unlawfully against another” (Penal Law § 265.03). Criminal possession of a weapon in the third degree is committed, inter alla, when a person “possesses any loaded firearm. Such possession shall not, except as provided in subdivision one, constitute a violation of this section if such possession takes place in such person’s home or place of business” (Penal Law § 265.02 [4]). Subdivision (1) provides that a person who commits criminal possession of a weapon in the fourth degree in any one of several specified ways is guilty of criminal possession of a weapon in the third degree if he “has been previously convicted of any crime”.
Essentially, defendant argued that the requirement that guilty possession not take place in one’s “home or place of business” is a negative element of criminal possession of a weapon in the third degree not present in criminal possession of a weapon in the second degree. Examination of the statute, its history, and its interpretation indicate that the “exception” is not an element for the purposes of analysis under CPL 300.50.
There are three basic firearms offenses defined and proscribed by criminal possession of a weapon in the fourth, third and *417 second degrees involving distinct situations of increasing seriousness: possession of a firearm, possession of a loaded firearm, and possession of a loaded firearm with intent to use it unlawfully against another. The statutory structure also contains two distinctions based upon legislative judgments about the intent or dangers associated with such possession. The felony criminal possession of a weapon in the third degree is not committed by possession of a loaded firearm in the home or place of business, although the misdemeanor criminal possession of a weapon in the fourth degree may be. This mitigation is based upon a first offender’s presumed intent to possess the weapon only for defense of persons or property (see, People v Powell, 54 NY2d 524, 526 [1981]). Conversely, where a defendant has been previously convicted of a crime, misdemeanor possession of a weapon is enhanced to a felony, regardless of where the possession takes place.
A review of the predecessor statute from which this “home or place of business” exception originated reveals its true function. Penal Law former § 265.05 (2) provided that possession of a loaded firearm did not “constitute a felony” (emphasis supplied) if it takes place in the person’s home or place of business. In the absence of a prior criminal conviction, such possession would constitute a misdemeanor (see, Penal Law former § 265.05 [3]). Clearly, the lighter punishment for possessing a loaded firearm in the home or place of business was the heart of the exception. The current statute, although worded differently, serves the same purpose.
The case law interpreting the provisions of the former Penal Law is of limited utility in this case. No appellate court reviewing the status of the exception has held that it was an element of criminal possession of a weapon in the third degree for the purpose of a lesser included offense analysis. Indeed, criminal possession of a weapon in the second degree was not enacted until 1974 (L 1974, ch 1041), long after the exception’s first appearance. Moreover, the theoretical impossibility test, the basis of defendant’s challenge, was itself only recently articulated.
In People v Fearon (58 AD2d 1041 [4th Dept], lv denied 42 NY2d 1002 [1977], cert denied 434 US 1036 [1978]) the court rejected defendant’s claim that, since he shot a fellow employee at their common workplace, he could not be convicted of criminal possession of a weapon in the third degree. In the court’s view, the exception existed “[t]o mitigate the penalty for persons whose illegal possession is solely for self-protection” and for this *418 reason, “the Legislature provided a lesser offense for persons protecting themselves or their property either in their home or place of business” (supra, p 1041).
In People v Ali (44 AD2d 232, 233 [1st Dept 1974], affd 36 NY2d 880 [1975]) the court explicitly characterized the home and place of business provision as a “statutory exception”, and by implication, not an element of the former statute. In affirming, the Court of Appeals noted that the misdemeanor and felony offenses of possession of a loaded firearm were “alternative, discrete offenses as determined by the place of commission” (36 NY2d, at p 882).
Thus, the appellate courts have consistently viewed the exception as carving out a separate offense from the felony of possession of a loaded firearm. This approach is entirely consistent with this court’s reading the gravamen of the offense as “possession of a loaded firearm” and including as elements only those factors relevant to such possession.
This court declines to follow the decision in People v Wither-spoon (120 Misc 2d 648 [Sup Ct, Kings County 1983]). In holding that the exception is an element of criminal possession of a weapon in the third degree, the court there relied, in part, upon cases involving the sufficiency of the factual allegations in an indictment. Different analyses must be performed in the two situations, and different results may obtain. Under general principles of criminal pleading, the statutory definition of the crime determines what is essential in an indictment. “If the defining statute contains an exception, the indictment must allege that the crime is not within the exception” (People v Kohut, 30 NY2d 183, 187 [1972]). In People v Newell (95 AD2d 815, 816 [2d Dept 1983]), the court applied this rule of pleading and dismissed an indictment charging criminal possession of a weapon in the third degree, which recited only that defendant “unlawfully possessed a loaded firearm”. The court found these factual allegations insufficient and held that the indictment “failed to allege every material element of the subject crime” (cf. People v Meyer, 46 AD2d 904 [2d Dept 1974]).
It does not follow that because the inapplicability of the “home or place of business” exception must be recited in an indictment, it is a material element for all purposes including a lesser included offense analysis. The tests are different, and the requirements distinct.
Finally, it may be noted that the charge to the jury here included the “home or place of business” exception, and the jury found that defendant’s possession did not fall within it.
Defendant’s motion is denied.

 The jury had returned a guilty verdict on criminal possession of a weapon in the second degree. This verdict was rejected and the jury directed to continue deliberations when it was learned, through polling, that the verdict was based upon an intended use of the weapon not presented to the Grand Jury.