THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
FERNANDO RODRIGUEZ, Appellant.

Second Department, December 2, 1985

## APPEARANCES OF COUNSEL

*Philip L. Weinstein (Abigail Everett* of counsel), for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Shulamit Rosenblum* and *Stephen Gaines* of counsel), for respondent.

## OPINION OF THE COURT

EIBER, J.

The question presented by this appeal is whether defendant's conviction for criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) must be set aside on the basis that the prosecution failed to affirmatively prove that the illegal possession of a weapon did not take place in defendant's "home or place of business" even though the issue was not raised, expressly or otherwise, by the defense at trial. Having reviewed the relevant statutory and case-law authority, we conclude that while the prosecution possesses the ultimate burden of proof to establish that the defendant did not possess the weapon in the statutorily protected areas of his "home or place of business", the defense bears the initial burden of producing some credible evidence, however slight, to raise the issue. Thus, in the case at bar, since the defense failed to come forward with any evidence whatsoever to indicate that the public laundromat in which defendant was arrested was his "place of business", the prosecution's failure to disprove that fact beyond a reasonable doubt at trial does not mandate reversal of the judgment of conviction.

The facts in this case are essentially undisputed. In January 1976, defendant was arrested for possession of a loaded gun in a Brooklyn public laundromat. Immediately prior to this arrest, the officer had observed defendant holding the gun and attempting to place it in a laundry basket near his leg. Defendant was later transported to the police precinct where he was fingerprinted by the arresting officer and the weapon was vouchered.

At a bench trial which took place approximately six years after the incident, the arresting officer was unable to positively identify defendant. As a result, defendant, at the court's direction, was fingerprinted during the trial, and the fingerprints were compared to the set taken at the time of his arrest. The two sets of fingerprints were found to be identical.

Defendant did not present any witnesses at trial, and, during summation, essentially asserted the defense of mistaken identification. No evidence was presented during trial by either the prosecution or the defense to establish whether or not the public laundromat in which defendant was arrested was his "place of business". Defendant was subsequently convicted of criminal possession of a weapon in the third degree.

On appeal, defendant maintains that his conviction must be set aside on the basis that the prosecution failed to prove beyond a reasonable doubt that the illegal weapon's possession did not occur in his "place of business". We disagree, and accordingly vote to affirm.

Criminal possession of a weapon in the third degree, as charged in the instant indictment (Penal Law § 265.02 [4]), is defined as follows:

"A person is guilty of criminal possession of a weapon in the third degree when * * *

"(4) He possesses any loaded firearm. *Such possession shall not,* except as provided in subdivision one, *constitute a violation of this section if such possession takes place in such person's home or place of business * * **

"Criminal possession of a weapon in the third degree is a class D felony" (emphasis added).

The "home or place of business" exception, which was originally embodied in former Penal Law § 1897 (2), effective July 1964 (L 1964, ch 521), reduces the charge of criminal possession of a weapon from a felony to a misdemeanor *(see,* Penal Law § 265.01 [1]). The Report of the New York State Joint Legislative Committee on Firearms and Ammunition (1964 NY Legis Doc No. 12) prepared in connection with the 1964 amendment to the gun laws, indicates that this provision was added in response to a legislative awareness of the need to balance the control of unlawful firearms possession with an individual's right to protect his home and property *(see, People v Rondon,* 109 Misc 2d 394, 395). Significantly, the statutory exception is fairly circumscribed in that it does not relieve an individual of criminal liability but rather subjects him to a lesser penalty. In this respect, the New York law is much stricter than other States which have created total exemptions from criminal liability for persons found to be in possession of firearms in their homes or places of business *(see, e.g.,* Fla Stats Ann § 790.25 [3] [n]; DC Code § 22-3204; NJ Stats Ann

§ 2C:39-6 [e]; *see also, People v Rondon,* 109 Misc 2d 394, 395-396, *supra).* On this point, the 1964 committee report commented, "[i]n several significant respects the restrictions on firearms imposed by the New York statute exceed those of practically every * * * jurisdiction. Only New York and a single other state (Hawaii) require a license to possess a pistol or revolver in one's own abode, on one's own property or in one's place of business" (1964 NY Legis Doc No. 12, at 12).

In the case of *People v Newell* (95 AD2d 815), this court recognized that the "home or place of business" exception is a material element of the crime of unlawful possession of a weapon in the third degree. As such, an indictment under Penal Law § 265.02 (4) must affirmatively allege that the statutory exception does not apply in order to meet the necessary jurisdictional requirements *(People v Newell, supra; see also, People v Kohut,* 30 NY2d 183, 187; *People v Meyer,* 46 AD2d 904).[1] Moreover, since the exception is a material element of the crime, as opposed to an affirmative defense, it is axiomatic that the prosecution bears the ultimate burden of proving that fact beyond a reasonable doubt *(see, Mullaney v Wilbur,* 421 US 684; *In re Winship,* 397 US 358).

This is not to say, however, that the People must *always* prove that the illegal possession did not take place in the defendant's "home or place of business". Notably, the question of whether this statutory exception is applicable in any given case involves facts which, in most instances, are primarily within the defendant's knowledge. Concomitantly, unless the information available to the prosecution indicates otherwise, the People would have little reason to suspect that the statutory exception is relevant to the case. In similar situations, it has been recognized that "where the circumstances constituting the alleged justification or excuse for acts otherwise criminal in nature are facts peculiarly and most exclusively within the defendant's firsthand knowledge, with the details not readily available to the People, he has the burden of going forward in the first instance with proof to establish the circumstances" *(People v D'Amato,* 12 AD2d 439, 445; 22A CJS, Criminal Law, § 571; *People v Bradford,* 227 NY 45; *People v Kibler,* 106 NY 321, 324; *Fleming v People,* 27 NY 329, 332; *People [Lewis] v Kollender,* 169 Misc 995; *see also,*

---

1. In the instant case, the indictment alleges that defendant did not possess the weapon in his "home or place of business". Accordingly, the indictment was not jurisdictionally defective.

*People v Baur,* 102 Misc 2d 971). This reasoning reflects an understanding that to impose the burden upon the prosecution to prove a negative is unfair and unnecessary unless the facts constituting the exception to or justification for the alleged criminal activity have been put into issue by the defense.

This very point was recently discussed by the Court of Appeals in *People v Rosa* (65 NY2d 380), which involved the suppression of statements allegedly made in violation of the defendant's right to counsel. Therein, the Court of Appeals, in an opinion by Judge Titone, stated:

"When a defendant seeks to suppress his statements because he had in fact been represented by counsel on a pending unrelated charge, he remains the one who is best and most logically able to prove his allegation that he was represented by counsel on that pending unrelated charge. To place the burden on the People to prove that the representation had terminated, would, in essence, require them to prove a negative, a requirement that 'is generally unfair, especially since the conclusion that the negative of the circumstances is necessarily a product of definitional and therefore circular reasoning' *(People v Patterson,* 39 NY2d 288, 305-306 [Breitel, Ch. J., concurring], *affd and approved sub nom. Patterson v New York,* 432 US 197, 211-212, n 13; *accord,* 29 Am Jur 2d, Evidence § 153 [collecting cases holding that it is generally not incumbent upon the prosecutor to disprove a negative especially when the relevant facts are more immediately within the knowledge of accused]).

"To be sure, the People must prove the voluntariness of a statement beyond a reasonable doubt *(People v Anderson,* 42 NY2d 35, 38-39; *People v Yarter,* 41 NY2d 830; *People v Valerius,* 31 NY2d 51; *People v Huntley,* 15 NY2d 72). Mindful, however, that the statutory definition of 'involuntarily made' contained in CPL 60.45 (2) would transform any constitutional claim into an attack on voluntariness, we decline to mechanically place the burden of disproving a defendant's representation by counsel on the People. To do so belies common sense. As former Chief Judge Breitel observed in a somewhat analogous context, 'The placing of the burden of proof on the defense * * * is fair because of defendant's knowledge or access to the evidence other than his own on the issue' *(People v Patterson,* 39 NY2d 288, 305 [Breitel, Ch. J., concurring], *affd and approved sub nom. Patterson v New York,* 432 US 197, 211-212, n 13, *supra).* In fact, placing the

burden of proof on the defendant in numerous contexts collateral to the question of guilt has long been upheld *(see, People v Berrios,* 28 NY2d 361; La Fave & Israel, Criminal Procedure § 10.3)" *(People v Rosa, supra,* at pp 386-387).

Similarly, in the instant case, fairness and common sense dictate that the initial burden of production on the factual question of whether the illegal possession of a weapon occurred in the statutorily protected areas of defendant's home or place of business should be placed on the defense whose access to such information is unrestricted. On this point, we reiterate that the ultimate burden of persuasion on this issue *never* shifts to the defendant but rather remains on the prosecution throughout the trial. Our holding merely provides that the prosecution's burden of persuasion is not triggered until and unless the defense produces some evidence, however minimal, to invoke the statutory exception.

Our conclusion is further buttressed by the fact that the statutory exception in Penal Law § 265.02 (4), as indicated, *supra,* is a very limited one and has, as a general rule, been narrowly construed by the courts in order to carry out the clear legislative purpose of limiting the use of guns *(see, People v Francis,* 45 AD2d 431, *affd on other grounds* 38 NY2d 150; *People v Fearon,* 58 AD2d 1041, *cert denied* 434 US 1036; *People v Rondon,* 109 Misc 2d 394, 396-397, *supra).* Thus, it is entirely consistent with the legislative intent to require a defendant, in the first instance, to come forth with some evidence to indicate that he is entitled to the benefits of the "home or place of business" exception so as to insure that the provision is not extended beyond the bounds contemplated. Our holding would insure that the benefits of the exception (i.e., lesser criminal liability [Penal Law § 265.01 (1)]) would only be available to those persons intended to benefit therefrom. Accordingly, in cases where the facts available to the prosecution do not indicate that the statutory exception is relevant and the accused remains mute on the issue, the "home or place of business" element of the crime of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) need not be proven beyond a reasonable doubt.[2]

Although there is apparently no appellate authority directly

---

2. Notably in the case of *People v Ali* (44 AD2d 232, *affd* 36 NY2d 880) it was determined that where the facts as presented at trial unequivocally proved that the defendant, while in possession of the weapon, was *not* in his place of business, the trial court was not required to charge the jury with regard to the "home or place of business" exception in the statute.

on point, several courts in construing Penal Law § 265.02 (4) and its predecessor, former Penal Law § 1897 (2), have reached the same conclusion expressed herein. For example in *United States ex rel. Presenzano v Deegan* (294 F Supp 1347, 1350), a habeas corpus proceeding, the court concluded that once the indictment under former Penal Law § 1897 (2) charged that the illegal weapon's possession did not occur in his "home or place of business", the defendant was required to go forward with "some evidence, however slight, to raise the issue of possession in his home or place of business, if such was his defense to the felony charge. *No constitutional infirmity arises from the State's procedural requirement in this aspect"* (emphasis added) *(see also, People v McWilliams,* 96 Misc 2d 648, 653). Parenthetically, we note that in *People v Witherspoon* (120 Misc 2d 648, 653) the court concluded that in the absence of some evidence to establish that the statutory exception applies, the prosecution may rely upon a "rebuttable presumption" that the location where the defendant was arrested was not his " 'home or place of business' ". While we agree with the ultimate result of the *Witherspoon* court's reasoning, that is, that the prosecution need not disprove the "home or place of business" exception in Penal Law § 265.02 (4) in every case, we do not adopt the court's use of a rebuttable presumption analysis to reach that result.

Turning to the facts of the instant case, the record is devoid of any evidence whatsoever to suggest that the public laundromat in which defendant was arrested was his "place of business". Defendant was not acting in a proprietary manner at the time he was observed by the arresting officer nor was defendant wearing any clothing or displaying any type of identification to indicate that he was employed at the laundromat. The defense failed to come forth with any evidence to intimate that the "place of business" exception was applicable and, in fact, no such assertion was made at any time during the course of the trial. Accordingly, we conclude that defendant's conviction of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) was supported by proof beyond a reasonable doubt and must be affirmed.

LAZER, J. P. (dissenting). Under Penal Law § 265.02 (4) possession of a loaded firearm does not constitute criminal possession of a weapon in the third degree if this possession takes place at the home or place of business of the possessor. Debated here is the validity of defendant's conviction for that

crime despite the absence of any proof that the possession occurred outside of his place of business. Since it is the People's obligation to plead and prove as an element of the crime that the possession did not take place in the defendant's place of business, I cannot agree with my colleagues that this fact is to be presumed if no evidence to the contrary is provided.

Defendant was charged with one count of criminal possession of a weapon in the third degree in that he "knowingly and unlawfully possessed a loaded firearm, to wit: a revolver, such possession not being in defendant's home or place of business". The wording of the indictment closely tracks the language of Penal Law § 265.02 (4) that:

"A person is guilty of criminal possession of a weapon in the third degree when * * *

"(4) He possesses any loaded firearm. Such possession shall not * * * constitute a violation of this section if such possession takes place in such person's home or place of business."

At defendant's bench trial, the People proved beyond a reasonable doubt that he had possessed a loaded firearm in a laundromat. But no evidence was submitted by either the People or the defendant to indicate whether the laundromat was defendant's place of business. On his appeal from the ensuing judgment of conviction, defendant contends that the People failed to prove his guilt beyond a reasonable doubt because they failed to prove that the laundromat was not his place of business. I believe he is correct.

My colleagues concede, of course, that the requirement that the possession not be in the defendant's home or place of business is an element of the crime to be pleaded and proved by the People (see, *People v Ali*, 36 NY2d 880; *People v Newell*, 95 AD2d 815; 3 CJI [NY] PL 265.02 [4]; *see generally*, CPL 70.20; *People v Segal*, 54 NY2d 58). Despite this, the majority concludes that the People were not required to present any evidence whatsoever to meet their burden of proof on this issue because defendant presented no evidence that the laundromat was his place of business.

The majority justifies this abrupt rejection of the normal presumption of innocence by labeling it a mere shifting of the initial burden of coming forward which is warranted because the defendant is purportedly uniquely able to provide proof on this issue. To do otherwise, my colleagues say, would put the People to the supposedly difficult task of proving that someone

other than defendant owned the laundromat. I find this rationale unpersuasive and the result unjustified.

Initially, I note that the analysis employed by the majority is one not normally applied to an acknowledged material element of a crime, for its effect is to transform an element the People were obligated to prove in all cases into a defense for which the defendant has the burden of going forward before the People must shoulder their burden. This analysis is normally used as a justification for requiring a defendant to bear some burden of proof in asserting a legislatively defined affirmative defense or in negating a rebuttable presumption (*see, e.g., People v Patterson,* 39 NY2d 288, 305-306 [Breitel, Ch. J., concurring], *affd sub nom. Patterson v New York,* 432 US 197; *Patterson v New York,* 432 US 197, 211-212, n 12, *supra).* It may also be utilized to establish appropriate burdens of proof as to various determinations that do not go directly to proof of the elements of an indictment *(People v Rosa,* 65 NY2d 380). It is true that in the absence of any legislative guidance, such as the classification of defenses, courts faced with the need to determine who should bear the burden of introduction with respect to a statutory exception have also employed an analysis based on the likelihood that the necessary information is uniquely in the possession of the defendant *(see, People v Bradford,* 227 NY 45; *People v Devinny,* 227 NY 397). The need for this type of approach to statutory exceptions was alleviated, however, with the adoption of the revised Penal Law (L 1965, ch 1030), which differentiated between defenses and affirmative defenses and classified each defense within the Penal Law as one or the other *(see,* Penal Law § 25.00; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 25.00, at p 63; New York State Commn on Revision of the Penal Law and Criminal Code, Staff Comments on Changes in the New Penal Law since the 1964 Study Bill, art 25 [1965]). Thus, although the analysis remains relevant in connection with offenses defined outside the Penal Law *(e.g., People v D'Amato,* 12 AD2d 439 [General Business Law § 343]; *People v Baur,* 102 Misc 2d 971 [Vehicle and Traffic Law § 1180 (b); § 1104 (a); § 1110 (a)]), the same cannot be said of an offense such as this, which is found within the Penal Law. Rather, as to any true statutory exception setting forth a material element of a crime found in the Penal Law, the People must bear the burden of introduction unless it has been classified as a defense by the Legislature.

We deal here with a statutory scheme in which the Legisla-

ture has made possession of a firearm any place (Penal Law § 265.01 [1]) and possession of a loaded firearm outside of one's home or place of business (Penal Law § 265.02 [4]) crimes of different degrees with different sanctions, the latter being the more serious crime (see, People v Ali, 36 NY2d 880, 882, supra; People v Francis, 45 AD2d 431, 434, affd 38 NY2d 150). Had the Legislature wished to relieve the People of the burden of proving that possession was outside the home or place of business unless the defendant first presented some evidence to the contrary, it could readily have made the exception a defense. It chose not to do so, and I do not believe that this clear expression of legislative purpose can be avoided by judicial imposition of a burden shifting device which allows the People to obtain a conviction for the more serious crime without establishing both of the elements of the crime that serve to distinguish it from the lesser crime.

I note that the result reached by the majority is not supported by any binding precedent. No appellate court appears to have ruled on this issue, and the two nisi prius State court cases cited by the majority, People v McWilliams (96 Misc 2d 648, 653), and People v Witherspoon (120 Misc 2d 648, 653), turned on other points and merely indicated in dicta that the defendants had the burden of production on the issue of home or place of business. Moreover, they relied primarily on a Federal District Court's habeas corpus decision, United States ex rel. Presenzano v Deegan (294 F Supp 1347), in which the court dismissed the petition because the petitioner had not exhausted his State remedies and in which no authority is given for the statement, unnecessary to the decision, that a defendant is required to come forward with some evidence that the possession was in his home or place of business. While these precedents are obviously not binding, their basic weakness is that they are also not persuasive.

Moreover, I fail to see the relevance of People v Rosa (65 NY2d 380, supra). In that case, the Court of Appeals held that a defendant who is seeking to suppress incriminatory statements on the ground that at the time they were elicited he was represented by counsel in another proceeding has the burden of proving that he was in fact represented by counsel at the time. While one of the arguments supporting the Court of Appeals conclusion was that the defendant was in the best position to provide information on that item, the case has no bearing on this dispute. We do not deal here with the boundaries of constitutional rights still being delineated by the

courts, but with a material element of a crime to be pleaded and proven by the People in every case and not classified as a defense.

Nor, for a variety of reasons, can the result reached by the majority be supported by some sort of rebuttal presumption that, whatever the place was in which the defendant possessed the gun, it will be presumed that the place was not his home or place of business *(see, People v Witherspoon,* 120 Misc 2d 648, 653, *supra).* First, I find no justification for interpreting the statute so as to incorporate such a presumption or inference. There is no indication to be found in the statutory scheme that the Legislature intended to create such a presumption. Had the Legislature wished to relieve the People of the burden of proving in every case that the possession took place outside the defendant's home or place of business, it could readily have done so. Thus, the Legislature could either have made possession in a defendant's home or place of business a defense or it could have attempted to fashion a constitutionally viable presumption. That the Legislature was well aware of the need for and utility of certain presumptions in dealing with weapons possession offenses is amply demonstrated by examination of Penal Law § 265.15, which contains a variety of presumptions. Notably absent from this list is the presumption or inference involved in this case. I cannot but interpret this as an indication that the Legislature saw no need for such a presumption or inference.

The rebuttable presumption theory contains a flaw which is even more fundamental than that already discussed. Although rebuttable presumptions or inferences are a permissible and often necessary part of the criminal law under appropriate circumstances, they are to be created and applied with some caution because they necessarily implicate due process considerations *(see, Barnes v United States,* 412 US 837). Thus, at a minimum, such a rebuttable presumption or inference is valid only if "there is a 'rational connection' between the basic facts that the prosecution proved and the ultimate fact presumed, and the latter is 'more likely than not to flow from' the former" *(Ulster County Ct. v Allen,* 442 US 140, 165, quoting *Tot v United States,* 319 US 463, 467, and *Leary v United States,* 395 US 6, 36). Moreover, the Court of Appeals has emphasized that there must be "a reasonably high degree of probability" that the conclusion follows from the evidence proffered *(People v McCaleb,* 25 NY2d 394, 404; *accord, People v Leyva,* 38 NY2d 160, 166; *People v Robinson,* 97 Misc 2d 47).

Here, the People have proven simply that defendant was found inside a laundromat with a loaded revolver in his possession. I fail to see the logical connection between the proven fact that defendant possessed the weapon in the laundromat and the presumed conclusion that therefore the laundromat was not his place of business. There is simply no line of reasoning which leads from the one statement to the other, and thus the purported presumption may not stand in any event.

Because defendant's guilt has not been proven beyond a reasonable doubt due to the absence of any proof that the laundromat was not his place of business, the judgment of conviction should be reversed. Moreover, inasmuch as defendant was not charged with criminal possession of a firearm in the fourth degree (Penal Law § 265.01 [5]) and that crime is not a lesser included offense of the crime charged (People v Ali, 36 NY2d 880, supra), the indictment should be dismissed.

THOMPSON and WEINSTEIN, JJ., concur with EIBER, J.; LAZER, J. P., dissents and votes to reverse the judgment, on the law, and dismiss the indictment, with an opinion.

Judgment of the Supreme Court, Kings County, rendered February 24, 1982, affirmed.