■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McGRIFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered July 13, 1982, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (two counts), rape in the first degree (two counts), criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Contrary to the defendant's contention, the evidence was sufficient to support the jury's verdict convicting him of murder in the second degree and rape in the first degree *(see, People v Contes,* 60 NY2d 620, 621; *People v Bigelow,* 106 AD2d 448).

We further find without merit the defendant's contention that the crime of criminal possession of a weapon in the third degree is a lesser included offense of the crime of criminal possession of a weapon in the second degree, thereby warranting setting aside his conviction for criminal possession of a weapon in the third degree as an inclusory concurrent count of criminal possession of a weapon in the second degree, pursuant to CPL 300.40 (3) (b). We note that the requirement that the possession not be in the defendant's home or place of business is not an element of the crime of criminal possession of a weapon in the second degree (Penal Law § 265.03; *see, People v Ali,* 36 NY2d 880, 882; *People v Witherspoon,* 120 Misc 2d 648; *cf. People v Rodriguez,* 113 AD2d 337, 344 [dissenting opn by Lazer, J.], *revd* 68 NY2d 674 *for reasons stated in dissenting opn of Lazer, J. P., at App Div).* Accordingly, the setting aside of the defendant's conviction for criminal possession of a weapon in the third degree is not warranted.

The defendant's other claims, including those raised in his *pro se* brief, are either unpreserved for appellate review or without merit. Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.