■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GREEN, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered August 7, 1985, which convicted defendant, after jury trial, of attempted robbery in the second degree and criminal possession of a weapon in the third degree and sentenced him to concurrent 3½-to-7-year prison terms, unanimously modified, on the law, to reverse the conviction of criminal possession of a weapon in the third degree, and otherwise affirmed.

Defendant was charged in the indictment with criminal possession of a weapon in the third degree pursuant to Penal Law § 265.02 (1) (i.e., commission of criminal possession of a weapon in the fourth degree by a person who has previously been convicted of a crime). The charge as set forth in the indictment was not submitted to the jury but instead the court submitted criminal possession of a weapon in the third degree under Penal Law § 265.02 (5) (ii), which is defined as possession of a firearm, not in the home or business, of one who has previously been convicted of a felony or a class A misdemeanor. This submission of a crime other than that charged in the indictment constituted an impermissible amendment of the indictment. (CPL 200.70.)

Moreover, the People never established, either by admission during the arraignment (CPL 200.60 [3]) or by any proof offered at the trial, that defendant had previously been convicted of a crime, an essential element of both the crime charged in the indictment and of the crime submitted to the jury, with the latter requiring specific proof of prior commission of a felony or class A misdemeanor. The absence of any proof on this essential element would have rendered the People's case fatally infirm even if the amendment of the indictment had been proper.

Accordingly, defendant's conviction of criminal possession of a weapon in the third degree must be vacated and the indictment dismissed. (See, People v Rodriguez, 68 NY2d 674; People v Ali, 36 NY2d 880.)

We have examined the other points raised on this appeal and find them to be without merit. Concur—Sandler, J. P., Carro, Milonas, Kassal and Ellerin, JJ.