■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE BARLOW, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered March 6, 1989, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On February 22, 1988, a man's body was found in a garage on Pitkin Avenue in Brooklyn. The decedent had been killed as the result of a shotgun blast to the chest. The defendant was later arrested and indicted for murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (Penal Law § 265.03), and criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]). The indictment charged that the defendant committed these crimes "on or about February 14, 1988".

After a trial, the jury acquitted the defendant of murder in the second degree, but found him guilty of criminal possession of a weapon in the second degree. On appeal, the defendant argues that the jury's verdict as to the charge of criminal possession of a weapon in the second degree is not supported by the evidence. We agree that the evidence adduced by the People with respect to this count was factually, if not legally, insufficient.

One witness for the prosecution testified that on February 14, 1988, while he was in the vicinity of Pitkin Avenue and Van Siclen Street, he saw the defendant in possession of a shotgun. This witness also testified that he heard a gunshot after both the decedent and the defendant had entered a nearby garage. However, this witness conceded, on cross-examination, that he did not recall the exact date of these events.

A second witness testified that on February 14, 1988, while he was present near the garage mentioned above, he heard what could have been a gunshot or gunshots. This witness, who did not actually observe the defendant in possession of a

weapon, testified that he specifically recalled that these events occurred on St. Valentine's Day, February 14, 1988.

The foregoing testimony might well have permitted the jury to infer that the defendant in fact fired a shotgun at the decedent on February 14, 1988, if the decedent had in fact been shot and killed on that day. However, the medical examiner who was produced as a witness by the prosecution, while confirming that the decedent's death was caused by a shotgun blast shredding the victim's heart, testified that in his opinion the decedent died some time after February 20, 1988, a day or two before the discovery of the decedent's body on February 22, 1988, and approximately a week after the events described above.

Under the circumstances, the jury's verdict of not guilty on the count of murder in the second degree is fully understandable. In order to reach a contrary verdict, the jury would have had to either disbelieve the medical examiner's testimony as to the date of death or find that a gunshot wound which was inflicted on the decedent on February 14, 1988, did not result in the decedent's death until one week later. Even if such a verdict might be supportable as a matter of law, we would consider it to be against the weight of the evidence as a matter of fact. The medical examiner's scientific testimony was essentially unimpeached, and the inference that the decedent could have lived for a week with an unattended shotgun wound to the chest is highly improbable.

For similar reasons, we find that the jury's verdict of guilty on the count of criminal possession of a weapon in the second degree is against the weight of the evidence. In order to prove this crime as charged in the indictment, the prosecution had to establish that on February 14, 1988, the defendant possessed a loaded firearm "with intent to use [it] unlawfully against another" (Penal Law § 265.03). However, as outlined above, the evidence fails to establish that the shotgun which the defendant possessed on that day was in fact used "unlawfully against another", since the decedent was in all likelihood not shot until a week later. Under the circumstances of this case, not only was the evidence insufficient to prove that the weapon in question was used unlawfully, but it was also insufficient to prove that the defendant at any time specifically formed an intent to use it unlawfully. Therefore, the jury's verdict on the count of criminal possession of a weapon in the second degree must be vacated, and that count of the indictment dismissed.

The crime of criminal possession of a weapon in the third

degree, which is charged in the indictment, requires proof that the criminal possession occurred outside of the defendant's home or place of business (see, Penal Law § 265.02 [4]), and thus is not an inclusory concurrent count of criminal possession of a weapon in the second degree (Penal Law § 265.03; see, CPL 300.30 [4]; *People v Okafore,* 72 NY2d 81, 89, n 3; *People v McGriff,* 123 AD2d 646). Nevertheless, the trial court submitted this count to the jury as though these two offenses were "inclusory concurrent counts", that is, the counts were submitted in the alternative (see, CPL 300.40 [3] [b]). Therefore, the jury never rendered a verdict with respect to criminal possession of a weapon in the third degree. Moreover, on the appeal, the People do not urge us to consider whether this, or any other lesser crime, might have been supported by the weight of the evidence.

In accordance with the foregoing, the indictment must be dismissed in its entirety. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.