OPINION OF THE COURT
Larry M. Himelein, J.
Defendants were each convicted in Perrysburg Town Court of a violation of Penal Law § 245.01, exposure of a person. The *379 charges involve alleged nude sunbathing at the Zoar Valley Multiple Use Area owned by the State of New York in the Town of Persia.* Prior to trial, all defendants moved for dismissal of the informations on the grounds that the informations were legally insufficient within the requirements of CPL 100.15 and 100.30. Town Court denied the motion, which is now raised as an issue on this appeal.
To be legally sufficient, an information used to prosecute a violation or misdemeanor in a local criminal court must set forth (a) nonconclusory allegations of fact providing reasonable cause to believe that the defendant committed the offense charged and (b) nonhearsay allegations of fact which “establish, if true, every element of the offense charged and the defendant’s commission thereof’ (CPL 100.40 [1] [b], [c]; 100.15 [3]; People v Dumas, 68 NY2d 729; People v Alejandro, 70 NY2d 133).
The informations used to prosecute these defendants, identical except for the names, allege that the defendants violated Penal Law § 245.01. The statute in its entirety reads as follows:
“A person is guilty of exposure if he appears in a public place in such a manner that the private or intimate parts of his body are unclothed or exposed. For purposes of this section, the private or intimate parts of a female person shall include that portion of the breast which is below the top of the areola. This section shall not apply to the breast feeding of infants or to any person entertaining or performing in a play, exhibition, show or entertainment.
“Exposure of a person is a violation.
“Nothing in this section shall prevent the adoption by a city, town or village of a local law prohibiting exposure of a person as herein defined in a public place, at any time, whether or not such person is entertaining or performing in a play, exhibition, show or entertainment.”
In the factual portions of the informations, the environmental conservation officer made the following allegations: “On August 16, 1997, at approx. 4:40 p.m., while on foot patrol in the Valentine Flats area of the Zoar Valley Multiple Use Area, in the Town of Persia, Cattaraugus County, a public place owned by and under the jurisdiction of the State of New York, I did personally observe the above-named defendant, in an open *380 public area and in view of numerous other persons, in an unclothed condition, so that [his/her] private and intimate body parts were exposed.”
None of the informations .recited that the defendants were not breast feeding infants, nor did they state whether or not the defendants were entertaining or performing in a play, exhibition, show or entertainment. Because the informations did not negate these exceptions contained in the body of Penal Law § 245.01, defendants contend that the informations were legally insufficient and that the trial court should therefore have granted their motion to dismiss. The People assert that because these possible defenses are “provisos” rather than “exceptions,” they need not be alleged in the informations.
Both parties cite People v Bailey (60 Misc 2d 283), a decision from Fulton County Court that involved a conviction for failure to keep right (Vehicle and Traffic Law § 1120 [a]). In reversing the conviction, County Court held that the exceptions in the statute (i.e., when passing another vehicle or overtaking a pedestrian, animal or obstruction) must be negated by the prosecution in both the pleadings and the proof. The court noted that the exceptions were properly alleged in the information but the failure to negate the exceptions at trial mandated a reversal.
The parties focus on the terms “exceptions” and “provisos” but come to different conclusions about the statute at issue here. The Court of Appeals has held that if the statute defining the crime contains an exception, the indictment must allege that the crime charged does not fall under the exception (People v Kohut, 30 NY2d 183). However, where the exception is found outside the statute, the exception is a matter for the defendant to raise by way of defense {supra). Thus, the indictment in Kohut, which had been dismissed by the trial court because it did not allege facts tolling the Statute of Limitations, was reinstated. Clearly, the Statute of Limitations defense was not found in the Penal Law statute allegedly violated.
To the same effect is People v First Meridian Planning Corp. (201 AD2d 145), where the Court held that an indictment must allege that the charged crime does not fall within an “exception to the offense contained within the statute defining the offense” (emphasis supplied). The indictment was accordingly dismissed for the failure to allege that the charge did not fall under an exception that was part of the statute.
The concept is also illustrated by cases dealing with firearms possession. In People v Washington (209 AD2d 162, affd 86 *381 NY2d 853), the defendant was indicted for criminal possession of a weapon in the third and fourth degrees. The trial court dismissed on the grounds that no evidence was presented to the Grand Jury concerning whether the defendant did or did not have a license for the pistol involved. The Appellate Division reversed, and the Court of Appeals agreed, holding that because the exemption from prosecution of those with valid pistol permits was found in a different statute than those defendant was charged with violating, the exemption did not have to be alleged in the indictment. Thus, the indictment in Washington was reinstated. However, where an indictment fails to allege that the possession of a weapon did not take place in the defendant’s home or place of business, because these exemptions are within the statute defining the crime, the indictment is defective (People v Best, 132 AD2d 773; People v Newell, 95 AD2d 815; People v Meyer, 46 AD2d 904; People v Witherspoon, 120 Misc 2d 648).
The cases discussed thus far all concern indictments rather than local court accusatory instruments. However, since the requirements for an information are stricter than those for an indictment (compare, People v Alejandro, supra; People v Tarka, 75 NY2d 996, and People v Hall, 48 NY2d 927, with People v Iannone, 45 NY2d 589, and People v Fitzgerald, 45 NY2d 574), the cases would appear to have some relevancy.
The cases dealing with local court accusatory instruments are even stronger. In Tarka (supra), an information that charged a defendant with disorderly conduct but failed to allege the element of either intent or recklessness (see, Penal Law § 240.20) was found to be jurisdictionally defective and was dismissed. In Alejandro (supra), the defendant was charged with resisting arrest. Because the information failed to allege that the defendant had attempted to resist an authorized arrest (see, Penal Law § 205.30), the information was similarly defective. In People v Hall (supra), the defendant was charged with harassment. Because the information failed to allege that the acts were done “with intent to harass, annoy or alarm” (Penal Law former § 240.25), it too was found to be defective.
The defendants here were charged with violating Penal Law § 245.01. The statute provides an exception to the charge if the person is breast feeding a baby or performing in a play, exhibition, show or entertainment. Because the exceptions were not *382 negated in the informations, the informations were defective. Accordingly, the convictions are reversed, the informations are dismissed and the fines are directed to be remitted.

 For reasons unrelated to this appeal, the trial was moved to the Town of Perrysburg.