■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FARR, Appellant. [693 NYS2d 186] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered June 17, 1997, convicting him of murder in the second degree, attempted assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, his conviction of criminal possession of a weapon in the second degree is not a concurrent inclusory count of either the conviction of murder in the second degree or attempted assault in the first degree

(*see, People v Pons,* 68 NY2d 264; *People v Almodovar,* 62 NY2d 126, 130; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Perez,* 45 NY2d 204; *People v Mitchell,* 216 AD2d 863; *People v Laboy,* 208 AD2d 954; *People v Lee,* 196 AD2d 509; *People v Sykes,* 194 AD2d 502; *People v McGriff,* 123 AD2d 646; *People v Davis,* 95 AD2d 837).

The trial court properly denied the defendant's request for a missing witness charge, since the record demonstrates that the witnesses in question were not knowledgeable about any material issue (*see, People v Kitching,* 78 NY2d 532; *People v Gonzalez,* 68 NY2d 424).

The defendant's claim that his case was unduly prejudiced when the Trial Judge permitted the victim's wife to testify while her child was seated on her lap, is equally without merit (*see, People v Ortiz,* 54 NY2d 288, 292; *People v Yut Wai Tom,* 53 NY2d 44; *People v Caballero,* 242 AD2d 337; *People v Caban,* 224 AD2d 705; *People v Hayden,* 221 AD2d 367, 368; *People v Robinson,* 137 AD2d 564).

The defendant's remaining contention is without merit. S. Miller, J. P., Santucci, Thompson and Smith, JJ., concur.