■ The People of the State of New York, Respondent, v Munir Chata, Appellant. [779 NYS2d 249]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Rotker, J.), rendered December 19, 2002, convicting him of criminal possession of a weapon in the third degree (two counts) and false personation, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction on the count of the indictment charging the defendant with criminal possession of a weapon in the third degree under Penal Law § 265.02 (4), vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence adduced at trial was legally insufficient to demonstrate that he knowingly possessed a weapon, and thus legally insufficient to support his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), is unpreserved for appellate review since he did not specify that ground in his motion to dismiss at the trial (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

However, we agree with the defendant that his conviction of criminal possession of a weapon in the third degree under Penal Law § 265.02 (4) must be vacated. Penal Law § 265.02 (4) exempts from criminal liability under that subdivision a person's possession of a loaded firearm provided that such possession takes place in the person's home or place of business. In this case, the indictment charging a violation of Penal Law § 265.02 (4) should have alleged that the defendant's possession of the subject weapon was outside of his home or place of business (*see People v Rodriguez*, 68 NY2d 674 [1986], *revg on dissent of Lazer, J.*, 113 AD2d 337, 343-348 [1985]; *People v Newell*, 95 AD2d 815 [1983]). Although the insufficiency of the factual allegations of this count of the indictment was not timely raised, since the indictment failed to allege every material element of the subject crime, it was jurisdictionally defective and the defect was not waivable (*see People v Newell, supra*). H. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.