OPINION OF THE COURT
Thomas P. Amodeo, J.
Background Facts
The defendant was charged with criminal possession of a *791 weapon in the fourth degree, in violation of Penal Law § 265.01 (3), for allegedly having an operable shotgun “upon a building or grounds, used for educational purposes.”
From the facts received at trial, the defendant was seen by a private citizen carrying a closed rifle case on the sidewalk that runs in front of and adjacent to Grover Cleveland High School in the City of Buffalo. When the police responded, they found the defendant seated in the front seat of a vehicle which was parked on a public street less than 100 yards from the school. There were two other persons in the car, a backseat passenger and the driver. The driver stated that she owned a shotgun which was located in the trunk of the vehicle. The officers were given consent by the driver to search the vehicle, and found an unloaded shotgun in a gun case in the trunk. The gun case was shown to the private citizen who originally saw the defendant, and she identified it as the case she saw the defendant carrying on the sidewalk in front of the school.
Findings of the Court
The parties stipulated that the shotgun was operable, so that element of the offense need not be proven at trial. (People v Rowland, 14 AD3d 886, 887 [3d Dept 2005].)
There was also a hearsay admission, wherein one of the officers testified that the defendant stated that he had “got in a fight, that’s why he (I) brought the shotgun out.”
Unfortunately for the court, “out” was not further defined, so it is uncertain as to whether that admission applies to the shotgun being in the car or in the case when the defendant was on the sidewalk in front of the school.
But even if the court finds that constructive possession of a weapon was proven by circumstantial evidence (People v Skyles, 266 AD2d 321 [2d Dept 1999], lv denied 94 NY2d 867 [1999]), the defendant argues that the People still have not proven all of the elements necessary for conviction because the defendant was never seen on the grounds of the school or in the school itself.
Penal Law § 265.01 (3), criminal possession of a weapon in the fourth degree, requires that a defendant must knowingly possess a firearm, rifle or shotgun in or upon a building or grounds, used for educational purposes of any school.
Unfortunately the term “grounds” is not defined anywhere in Penal Law article 265.
*792 The People urge the court to adopt the more expansive definition of “School grounds” as found in Penal Law article 220, § 220.00 (14) which reads:
“(a) in or on or within any building, structure, athletic playing field, playground or land contained within the real property boundary line of a public or private elementary, parochial, intermediate, junior high, vocational, or high school, or (b) any area accessible to the public located within one thousand feet of the real property boundary line comprising any such school or any parked automobile or other parked vehicle located within one thousand feet of the real property boundary line comprising any such school. For the purposes of this section an ‘area accessible to the public’ shall mean sidewalks, streets, parking lots, parks, playgrounds, stores and restaurants.”
A review of the legislative Bill Jacket and the Governor’s approval memorandum finds that there simply is no support anywhere in the purpose or background of Penal Law § 265.01 (3) which would support such a wide reading of the term “grounds,” or any inference that the definition of “School grounds” found in Penal Law § 220.00 (14) should be applied to Penal Law § 265.01 (3).
This is due in part to the fact that the term “building or grounds” used in Penal Law § 265.01 (3) was enacted in 1974 (L 1974, ch 1041, § 3), and the definition of “School grounds” in Penal Law § 220.00 (14) was not enacted until 1986, and not amended to read as currently written until 1994. (L 1986, ch 280, § 3, as amended by L 1994, ch 292, § 1.)
Therefore, the People’s argument that since “Penal Law § 220 comes before § 265 . . . the Legislature meant for that section to apply to later Penal Law sections . . . as it was not redefined in later sessions,” is unpersuasive.
The court is also mindful of the caution from the Court of Appeals, namely, that definitions found in one Penal Law statute should not be relied on in interpreting another Penal Law statute absent legislative authority for doing so. (People v Hernandez, 98 NY2d 175, 181 [2002].)
Because the Legislature used substantially different definitional language in the two statutes, it is plain that the Legislature intended a different meaning in the sections. (People v Brown, 185 Misc 2d 326, 334-335 [2000].) *793 “School grounds” as used in Penal Law § 220.00 (14) is a legislative term of art. In contrast, the phrase “upon a building or grounds” is common and ordinary words and they should be given their commonly understood meaning. (People v Fox, 3 AD3d 577, 578 [2d Dept 2004], lv denied 2 NY3d 739 [2004]; McKinney’s Cons Laws of NY, Book 1, Statutes § 232 [“Words of ordinary import”].)
The Court of Appeals has previously found a vast difference between a statute or ordinance dealing with a public street or street corner, and a statute which prohibits any person in or about any school building or grounds without permission. (People v Johnson, 6 NY2d 549, 552 [1959].) “A school is in a sense public in that it is endowed and operated by the taxpayers’ money, but it is not public in the sense that any member of the public may use it for his own personal purposes.” (Id.)
Under the People’s reading of the statute (incorporating the definition of “School grounds” from Penal Law § 220.00 [14]), the defendant could be found guilty of the charged offense not only for his possession of the shotgun on the sidewalk in front of the school, but also for his possession of the weapon in the car on the street adjacent to the school.
Such an expansive reading of the statute would make criminals out of thousands of lawful gun owners throughout the City of Buffalo and tens of thousands of lawful gun owners throughout the state. There are few if any major thoroughfares in the City of Buffalo that do not run within 1,000 feet of a public school or university. It would simply be impossible for any lawful gun owner to travel in the City of Buffalo under such a reading of the statute. This was obviously not the intent of the Legislature.
Wherefore, the court finds the defendant not guilty of criminal possession of a weapon in the fourth degree, in violation of Penal Law § 265.01 (3).