OPINION OF THE COURT
Ellen M. Coin, J.
Defendant is charged with three counts of aggravated harassment in the second degree (Penal Law § 240.30 [1] [a], [b]). He moves, inter alia, for an order dismissing one count of Penal *204 Law § 240.30 (1) (a) and one count of section 240.30 (1) (b) for facial insufficiency.
Penal Law § 240.30 (1) provides that “[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she . . . [e]ither . . . communicates with a person ... by telephone . . . in a manner likely to cause annoyance or alarm” (subd [a]); or “causes a communication to be initiated by mechanical or electronic means or otherwise with a person . . . by telephone ... in a manner likely to cause annoyance or alarm” (subd [b]).
Defendant contends that in construing the foregoing statute, the court should use the definition of “telephonic communication” used in article 250 of the Penal Law, which criminalizes violations of privacy. (Penal Law § 250.00 [3].)
A “telephonic communication,” as defined by section 250.00 (3), is made through the use of facilities “furnished or operated by any person engaged in providing or operating such facilities for the transmission of communications,” i.e., a telephone company. The subject aggravated harassment statutes, in contrast, prohibit certain “communications” “by telephone.” (Penal Law § 240.30 [1] [a], [b].) It is apparent that the aggravated harassment statutes cover a broader range of communications than those narrowly defined by Penal Law § 250.00 (3).
In People v Hernandez (98 NY2d 175 [2002]), the Court of Appeals cautioned that definitions found in one Penal Law statute should not be relied on to interpret another Penal Law statute absent any legislative authority for doing so. (Hernandez, 98 NY2d at 181.) Although the Legislature modified Penal Law § 240.30 (1) most recently in 2001, it did not conform the language of the two statutes by adding reference to the Penal Law § 250.00 (3) definition. Moreover, the language used in the two statutes differs, suggesting that the Legislature intended a different meaning in the sections. (People v Melendez, 11 Misc 3d 790 [Buffalo City Ct 2006]; People v Brown, 185 Misc 2d 326 [Crim Ct, Bronx County 2000].) This suggests that the Legislature did not intend to incorporate the definition of a “telephonic communication” contained in Penal Law § 250.00 (3) into section 240.30. The court declines to adopt defendant’s novel suggestion to hold otherwise.
Defendant’s alleged use of an intercom system connected to an apartment telephone constitutes a “communication” “by *205 telephone” violative of section 240.30 (1) (a) and (b). Accordingly, defendant’s motion to dismiss two counts of aggravated harassment in the second degree for factual and legal insufficiency is denied.