OPINION OF THE COURT
Sheryl L. Parker, J.
The grand jury minutes have been inspected in camera.
The defendant was indicted for five counts listed on the indictment as follows: criminal possession of a weapon in the second degree (Penal Law § 265.03) (count 1), criminal possession of a weapon on school grounds (Penal Law § 265.01-a) (count 2), criminal possession of a firearm (Penal Law § 265.01-b [1]) (count 3), resisting arrest (Penal Law § 205.30) (count 4) and unlawful possession of marijuana (Penal Law § 221.05) (count 5). The grand jury was presented with evidence that the possession of the loaded firearm was within 1,000 feet of a school on a public street and was charged accordingly.
Count 1 alleges “criminal possession of a weapon in the second degree (PL. 265.03)” as follows: “The defendant, on or about July 28, 2013, in the County of Kings, knowingly and unlawfully possessed a loaded firearm, namely: a pistol, and such possession was within one thousand feet of school grounds.” Although the indictment fails to allege the specific subdivision of Penal Law § 265.03, the prosecutor charged the grand jury on subdivision (3) which provides that “[a] person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm. Such possession shall not . . . constitute a violation of this subdivision if such possession takes place in such person’s home or place of *430 business.” This statute contains an exception for possession in one’s home or place of business, which was not included in count 1.
An indictment must contain a factual allegation of every element of the offense charged (CPL 200.50 [7] [a]; People v Iannone, 45 NY2d 589 [1978]). The elements of the offense are generally determined by the statute defining the offense (People v Kohut, 30 NY2d 183 [1972]). If an exception to the offense is contained within the statute, “the indictment must allege that the crime is not within the exception” (id. at 187; People v Bradford, 227 NY 45 [1919]; People v Newell, 95 AD2d 815 [2d Dept 1983]).
Although subdivision (3) of Penal Law § 265.03 was properly charged to the grand jury, count 1 is defective in that it fails to allege that possession was other than in the defendant’s home or place of business. The first count of the indictment is therefore jurisdictionally defective (see People v Best, 132 AD2d 773 [3d Dept 1987]). This omission of a material element is not curable by amendment (People v Chata, 8 AD3d 674 [2d Dept 2004]).
Count 2 of the indictment alleges “criminal possession of a firearm (PL. 265.01-A(1)).” The correct title of the offense is “[c]riminal possession of a weapon on school grounds” and the correct section number is “Penal Law § 265.01-a.” This section provides that
“[a] person is guilty of criminal possession of a weapon on school grounds when he or she knowingly has in his or her possession a rifle, shotgun, or firearm in or upon a building or grounds, used for educational purposes, of any school, college, or university, except the forestry lands, wherever located, owned and maintained by the State University of New York college of environmental science and forestry, or upon a school bus . . . , without the written authorization of such educational institution.”
Based on the facts and the People’s charge to the grand jury, it is the People’s position that Penal Law § 265.01-a applies when a firearm is possessed, not on the premises of a school, but within 1,000 feet of the boundary of a school. The People use the definition of “school grounds” as appears in Penal Law § 220.00 (14) which includes any area within 1,000 feet of the school boundary. This construction of the law is incorrect for *431 two reasons. First, Penal Law § 265.01-a was originally enacted in 1974 as Penal Law § 265.01 (3), an A misdemeanor. The statute as enacted in 1974 reflected the exception for the State University. In 1986, the legislature enacted Penal Law §§ 220.00 (14) (which defined “school grounds”) and 220.44 (prohibiting the sale of controlled substances in or near school grounds). Chapter 1 of the Laws of 2013 changed Penal Law § 265.01 (3) to a new section number, Penal Law § 265.01-a, and raised the offense to an E felony. Otherwise, the language of the new section repeated Penal Law § 265.01 (3) verbatim. It is clear that if the legislature wanted the Penal Law § 220.00 (14) definition of school grounds to apply to Penal Law § 265.01-a, it would have incorporated it in the section. Since it did not, the legislative intent was, therefore, not to adopt the Penal Law § 220.00 (14) definition. This is particularly evident when one considers another Penal Law provision which specifically references the Penal Law § 220.00 (14) definition (see Penal Law § 120.05 [10] [assault in the second degree, causing physical injury on school grounds]). The Court of Appeals has cautioned against reliance upon a definition of a term in another Penal Law statute absent legislative authority for doing so (see People v Hernandez, 98 NY2d 175 [2002]; see also People v Saxton, 20 Misc 3d 203 [Crim Ct, NY County 2008]).
Second, the legislative intent of a statute is to be “ascertained from the words and language used, and the statutory language is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction” (McKinney’s Cons Laws of NY, Book 1, Statutes § 94). The legislative intent of the Penal Law § 220.00 (14) definition provision can be garnered from its use in the statute enacted the same day, viz., Penal Law § 220.44, which relates to the sale of controlled substances. This provision is aimed at curtailing drug dealers from congregating outside of schools to sell drugs to students. The legislative intent of Penal Law § 265.01-a is to control the possession of weapons inside the school premises, as evidenced by the provision that such possession would be impermissible “without the written authorization of such educational institution.”
Since the evidence before the grand jury established that the gun possession was on a public street, not inside a school, the evidence is legally insufficient to establish the second count.
Accordingly, count 1 (criminal possession of a weapon in the second degree [Penal Law § 265.03 (3)]) and count 2 (criminal *432 possession of a weapon on school grounds [Penal Law § 265.01-a]) are dismissed. The People are granted leave to re-present count 1 (criminal possession of a weapon in the second degree [Penal Law § 265.03 (3)]). As to the remaining charges, the evidence adduced before the grand jury was legally sufficient (People v Pelchat, 62 NY2d 97 [1984]; People v Calbud, Inc., 49 NY2d 389 [1980]) and the prosecutor correctly charged the grand jury with respect to the applicable law.