People v Tromp (2018 NY Slip Op 06275)





People v Tromp


2018 NY Slip Op 06275


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2014-03424
 (Ind. No. 108/12)

[*1]The People of the State of New York, respondent,
v
Ilyas Tromp, appellant.


Paul Skip Laisure, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Stephen J. Rooney, J.), rendered March 18, 2014, convicting him of criminal possession of a weapon in the second degree, criminal impersonation in the second degree, aggravated unlicensed operation of a motor vehicle in the second degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's conviction of criminal possession of a weapon in the second degree under Penal Law § 265.03 must be vacated. Penal Law § 265.03(3) exempts from criminal liability under that subdivision a person's possession of a loaded firearm when such possession takes place in the person's home or place of business. In this case, the indictment charging a violation of Penal Law § 265.03(3) failed to allege that the defendant's possession of the subject weapon was outside of his home or place of business (see People v Chata, 8 AD3d 674, 675; People v Newell, 95 AD2d 815). As correctly conceded by the People, this omission rendered that count of the indictment jurisdictionally defective, which is a type of defect that is not waivable (see People v Chata, 8 AD3d 674; People v Newell, 95 AD2d 815).
The defendant's contention that the sentence imposed on the conviction of criminal possession of a weapon in the second degree was excessive has been rendered academic in light of our determination.
The defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel is based, in part, on matter outside the record and, thus, constitutes a mixed claim of ineffective assistance (see People v Maxwell, 89 AD3d 1108, 1109). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Hili, 158 AD3d 647, 648). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter [*2]outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Hili, 158 AD3d at 648; People v Freeman, 93 AD3d 805, 806).
The defendant's remaining contention, raised in his pro se supplemental brief, is without merit.
BALKIN, J.P., AUSTIN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court